[Cite as *State v. Dillingham*, 2012-Ohio-5841.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2012-02-037 |
| Plaintiff-Appellee, | : | CA2012-02-042 |
| | : | O P I N I O N |
| - vs - | | 12/10/2012 |
| | : | |
| CHARLES DILLINGHAM, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-10-1742

Michael T. Gmoser, Butler County Prosecuting Attorney, Donald R. Caster, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles Dillingham, #A647-315, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Charles Dillingham, pro se, appeals the denial of his petition for postconviction relief. For the reasons outlined below, we affirm the trial court's judgment.

{¶ 2} On November 17, 2010, appellant was indicted on four counts of felonious assault in violation of R.C. 2903.11(A), each with a firearm specification, and one count of

having weapons while under disability in violation of R.C. 2923.13(A)(3). The charges stemmed from a shooting that occurred at the Grub Pub, a bar located in Hamilton, Butler County, Ohio. On October 15, 2010, appellant briefly visited the Grub Pub and then walked outside and shot two victims as they were walking into the bar. The Grub Pub's video surveillance system captured appellant entering the bar and the shooting.

{¶ 3} A bench trial was held on January 10 and 11, 2011, in which appellant argued that he was not the individual who committed the shooting at the Grub Pub. The trial court found appellant guilty on all counts and specifications and appellant was sentenced to serve 14 years in prison. This court affirmed appellant's conviction on December 12, 2011. *State v. Dillingham*, 12th Dist. No. CA2011-03-043, 2011-Ohio-6348 (*Dillingham I*).

{¶ 4} On October 24, 2011, after the filing of his direct appeal, appellant filed a postconviction petition to vacate and set aside the judgment of conviction and sentence as well as a motion to appoint counsel. On December 14, 2011, appellant also filed a motion for summary judgment in relation to his petition for postconviction relief. The petition and appellant's motion to appoint counsel were denied by the trial court. The motion for summary judgment was rendered moot. Appellant now appeals the denial of his postconviction petition, raising three assignments of error

**First Assignment of Error**

{¶ 5} In his first assignment of error, appellant essentially contends that his petition for postconviction relief should have been granted on the basis of prosecutorial misconduct, as the state failed to hand over exculpatory evidence. Specifically, appellant argues that the state violated Crim.R. 16(B) by failing to disclose the statements made by Kimberly Roberson to police regarding the shooting at the Grub Pub.[1]

---

1. Appellant's brief actually references Crim.R. 16(F). However, as Crim.R. 16(F) addresses the review of material the prosecuting attorney has certified as "nondisclosure" or "counsel only," it is inapplicable to

{¶ 6} Roberson was a bartender at the Grub Pub working on the night of the shooting. According to appellant, Roberson was much closer to the location of the shooting than the witnesses who testified and had been interviewed by police twice regarding the shooting. Appellant argues that, had Roberson's statements to police been disclosed by the state, appellant would have been exonerated. In support of his assertions, appellant attaches an affidavit from Roberson which states that she was interviewed by police twice regarding the shooting and that she "could not at any time positively identify that [the shooter] was [appellant]."

{¶ 7} Petitions for postconviction relief are governed by R.C. 2953.21, which states, in pertinent part:

> (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 8} A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102; *State v. Bell*, 12th Dist. No. CA2001-08-197, 2002-Ohio-1341, ¶ 5. Under R.C. 2953.21, a criminal defendant challenging his conviction through a postconviction relief petition is not automatically entitled to a hearing. *Calhoun* at 282; *State v. Hicks*, 12th Dist. No. CA2004-07-170, 2005-Ohio-1237, ¶ 9. A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient

---

appellant's argument. Rather, it seems far more likely that appellant is arguing under Crim.R. 16(B) regarding the production of discoverable material. Therefore, we shall proceed as if appellant has made his argument pursuant to Crim.R. 16(B).

operative facts to establish substantive grounds for relief. *Hicks* at ¶ 9; *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). The decision to grant or deny an evidentiary hearing is left to the sound discretion of the trial court. *Hicks* at ¶ 9; *Calhoun* at 284.

{¶ 9} As an initial matter, we find that the trial court did not err in denying appellant's petition for postconviction relief because the petition is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Franklin*, 12th Dist. No. CA2002-07-183, 2003-Ohio-1770, ¶ 11; *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996-Ohio-337. A trial court may dismiss a postconviction petition on the basis of the doctrine of res judicata. *State v. Lindsey*, 12th Dist. No. CA2002-02-002, 2003-Ohio-811, ¶ 21; *State v. Perry*, 10 Ohio St.2d 175, 179 (1967).

{¶ 10} Here, appellant fails to identify any reason why his claim of prosecutorial misconduct could not have been raised on direct appeal. From the record, it is clear that appellant knew who Roberson was and knew that she was working on the night of the shooting prior to filing his direct appeal. Furthermore, the affidavit of Roberson attached to appellant's brief, and previously filed with the trial court, is not dated. Therefore, it is not clear when the affidavit was created and if appellant learned of this information after filing his direct appeal. Consequently, without clear evidence outside the record to support his argument, appellant's petition for postconviction relief on the basis of prosecutorial misconduct is barred by res judicata.

{¶ 11} However, even if res judicata did not apply here, the trial court still properly denied appellant's petition, as Roberson's statements to the police were not material or

favorable to appellant.

{¶ 12} Crim.R. 16(B) provides, in pertinent part:

Upon receipt of written demand for discovery by the defendant, * * * the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provision of this rule:

(5) Any evidence favorable to the defendant and material to guilt or punishment;

{¶ 13} Further, pursuant to *Brady v. Maryland*, suppression by the prosecution of evidence that is favorable to the accused and material either to guilt or to punishment is a violation of due process. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1193 (1963). "Evidence suppressed by the prosecution is 'material' within the meaning of *Brady* only if there exists a 'reasonable probability' that the result of the trial would have been different had the evidence been disclosed to the defense." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, citing *Kyles v. Whitley*, 514 U.S. 419, 433-434, 115 S.Ct. 1555 (1995). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.*, quoting *Kyles* at 434.

{¶ 14} Here, Roberson states in her affidavit that she was interviewed on two occasions regarding the shooting at the Grub Pub. On both occasions, Roberson was asked if appellant was the shooter and stated, "I could not at any time positively identify that it was [appellant]." Appellant argues that Roberson's testimony at the bench trial would have exonerated him, as Roberson was much closer to the shooter than any of the witnesses who did testify. Because the prosecutor failed to hand over this favorable evidence, appellant

argues that the prosecutor's conduct was prejudicial and prevented a fair trial.

{¶ 15} We find that it is not reasonably probable that the results of the trial would have been different had this statement been admitted or had Roberson testified. Rather, as Roberson's affidavit provides no direct contradiction to the testimony heard at trial, it is clear that appellant received a fair trial resulting in a verdict worthy of confidence.

{¶ 16} At appellant's trial, both victims testified, stating that they could not make an identification of the shooter. *Dillingham I* at ¶ 14. However, additional witnesses testified, including two police officers and the nighttime manager working at the Grub Pub on the night of the shooting, who were able to identify appellant as the shooter based upon their knowledge of appellant, his stature and gait, and his automobile. *Id.* at ¶ 13-16. In his defense, appellant called his nephew to the stand, who testified that the shooter was wearing different clothing than that of appellant. *Id.* at ¶ 17. However, after viewing photographic stills of the video surveillance tapes, appellant's nephew identified appellant as the shooter—although he later recanted this testimony. *Id.*

{¶ 17} Based upon this evidence, we cannot say that a reasonable probability exists that had Roberson's statements been disclosed to the defense, the result of appellant's trial would have been different. On the contrary, Roberson's statements would have been unhelpful to the fact-finder, as neither eliminating appellant as the shooter, nor identifying a different individual as the shooter. Additionally, we note that Roberson avers in her affidavit that she was "never asked to sign any statements regarding the shooting." Therefore, it is questionable whether the prosecution actually had anything to disclose.

{¶ 18} For the foregoing reasons, we find that the trial court did not err in denying appellant's petition for postconviction relief on the basis of prosecutorial misconduct. Accordingly, appellant's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 19} In his second assignment of error, appellant generally asserts that his appellate counsel rendered ineffective assistance in failing to argue that his trial counsel was ineffective. Essentially, appellant argues that his trial counsel was ineffective in failing to (1) interview Roberson, (2) acquire discoverable evidence regarding Roberson from the prosecution, and (3) call Roberson as a witness at trial. Appellant then states that his appellate counsel was ineffective in failing to argue these issues on appeal.

{¶ 20} "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her counsel's actions were outside the wide range of professionally competent assistance, and that prejudice resulted by reason of counsel's actions." *State v. Ullman*, 12th Dist. No. CA2002-10-110, 2003-Ohio-4003, ¶ 43, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). A counsel's performance will not be deemed ineffective unless the appellant demonstrates that "counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different." (Internal quotation omitted.) *Id.*; *Strickland* at 688; *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989). "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome of the proceeding.'" *State v. Fields*, 102 Ohio App.3d 284 (12th Dist.1995), quoting *Strickland* at 694.

{¶ 21} As to appellant's argument that his trial counsel failed to interview Roberson, he presents no evidence in support of this claim. However, even if appellant presented evidence that his trial counsel failed to interview Roberson, there is no indication that such an omission was prejudicial to appellant. Had Roberson testified in accordance with her affidavit, her testimony would be that she could not at any time positively identify appellant as the shooter. This testimony would not have unequivocally exonerated appellant of all guilt. Therefore, appellant's argument is unpersuasive.

{¶ 22} In turning to appellant's argument that trial counsel should have obtained information regarding Roberson from the prosecution, we have already determined that the state was not required to disclose any information it may have had regarding Roberson because this information was not favorable to appellant.[2] As such, appellant's trial counsel was not ineffective in failing to gain this information.

{¶ 23} Finally, we turn to appellant's argument that his trial counsel was ineffective in failing to call Roberson as a witness. A counsel's "decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 156. Moreover, there is no evidence that Roberson's testimony would have altered the outcome of appellant's bench trial. Consequently, we cannot say that appellant's trial counsel was ineffective in failing to call Roberson as a witness.

{¶ 24} As we have determined that appellant's trial counsel's conduct was not ineffective, it logically follows that his appellate counsel was not ineffective in failing to raise an ineffective assistance of trial counsel argument. Accordingly, appellant's second assignment of error is overruled.

**Third Assignment of Error**

{¶ 25} In his third and final assignment of error, appellant essentially argues that, because the state did not file a response to appellant's petition for postconviction relief, the state is barred by res judicata from filing a response to this appeal. We find this argument meritless and unsupported by any relevant case law.

{¶ 26} The state's duty to respond to a petition pursuant to R.C. 2953.21(D) is discretionary. *State v. Wallen*, 12th Dist. No. CA97-02-017, 1997 WL 450097, *3 (Aug. 11,

---

2. We further note that the prosecution was not required to disclose information regarding Roberson because she was not called as a witness or reasonably anticipated to be called as a rebuttal witness. Crim.R. 16(B)(7).

1997); *State v. Sklenar*, 71 Ohio App.3d 444, 446 (9th Dist.1991); *State v. Kerr*, 12th Dist. No. CA89-10-062, 1990 WL107305 (July 30, 1990). Thus, the state was never required to respond to appellant's petition before the trial court, and the trial court was within its discretion to independently review the record and evidence without a brief from the state. *Id*. It would not be logical to hold that the state is now barred from responding to appellant's appeal because it complied with the current interpretation of R.C. 2953.21(D). As appellant fails to cite any pertinent case law to the contrary, we find his argument unpersuasive. Furthermore, even if we found appellant's argument credible, and declined to read the state's brief in this case, our conclusions regarding the first two assignments of error would be the same.

**{¶ 27}** Accordingly, appellant's third and final assignment of error is overruled.

**{¶ 28}** Judgment affirmed.

POWELL, P.J., and HENDRICKSON, J., concur.