[Cite as *State v. McGlosson*, 2013-Ohio-774.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                   :

    Plaintiff-Appellee,                         :            CASE NO.   CA2012-03-057

                                        :            O P I N I O N
    - vs -                                                                     3/4/2013

                                          :

DAVID S. MCGLOSSON,                          :

    Defendant-Appellant.                        :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-12-1965


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

F. Harrison Green, Executive Park, Suite 230, 4015 Executive Park Drive, Cincinnati, Ohio 45241, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1}   Defendant-appellant, David S. McGlosson, appeals a decision of the Butler County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea. For the reasons set forth below, we affirm the trial court's decision.

{¶ 2}   On December 15, 2010, McGlosson pled guilty to a bill of information which charged him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4),

both third-degree felonies. These charges arose out of McGlosson's inappropriate sexual contact with one of his step-daughters, B.B., when she was under the age of 13. On January 26, 2011, the trial court sentenced McGlosson to four years on Count I, three years on Count II, and ordered the sentences to be served consecutively for an aggregate sentence of seven years. Appellant did not appeal his convictions or sentence.

{¶ 3} About a year later, on December 14, 2011, McGlosson filed a motion to withdraw his guilty plea arguing that his trial attorneys were ineffective. McGlosson asserted that his attorneys pressured him to accept the plea, assuring him that if he did plead guilty, he would receive probation. He also alleged that his trial attorneys were ineffective for failing to file a motion to suppress a confession he made to the Butler County Sheriff's Office. In support of the motion, McGlosson attached his own affidavit and the affidavits of his step-daughter, Heather McGlosson, and a friend of Heather McGlosson, Ben Baker.

{¶ 4} The court held a hearing on the motion on February 15, 2012. At the hearing, McGlosson testified on his own behalf. The state then presented testimony from Detective Melissa Gerhardt who was the lead investigator of the charges against McGlosson. Detective Gerhardt was also one of the detectives who interviewed McGlosson. A DVD of this interview was admitted into evidence. The state also presented testimony from one of McGlosson's trial attorneys, Christopher Pagan.[1] A copy of both trial attorneys' files were also submitted to the court. After reviewing the evidence, the trial court denied McGlosson's motion to withdraw his guilty plea.

{¶ 5} McGlosson appeals this decision and presents two assignments of error for our review.

{¶ 6} Assignment of Error No. 1:

---

1. McGlosson was also represented by Fred Miller in the proceedings below. However, Miller did not testify at the hearing on McGlosson's motion to withdraw.

{¶ 7} THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW DEFENDANT-APPELLANT TO WITHDRAW HIS PLEA WHEN DEFENDANT-APPELLANT INDICATED THAT HE WAS INNOCENT, THAT HE WAS MISLEAD [SIC] AS TO THE CIRCUMSTANCES FOR HIS PLEA BY DEFENSE COUNSEL.

{¶ 8} On appeal, McGlosson contends the trial court abused its discretion in denying his motion to withdraw his guilty plea.

{¶ 9} Crim.R. 32.1 provides that a trial court may permit a defendant to withdraw a guilty plea only to correct a manifest injustice. *State v. Degaro*, 12th Dist. No. CA2008-09-227, 2009-Ohio-2966, ¶ 10. A defendant who seeks to withdraw a guilty plea post-sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. No. CA2009-03-032, 2009-Ohio-6240, ¶ 10, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. McMahon*, 12th Dist. No. CA2009-06-008, 2010-Ohio- 2055, ¶ 6. A post-sentence motion to withdraw a guilty plea is allowable only under extraordinary circumstances and is left up to the discretion of the trial court. *Smith* at 264; *Williams* at ¶ 13. Accordingly, we review the trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *McMahon* at ¶ 9. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*

{¶ 10} McGlosson asserts that the trial court abused its discretion in denying his motion to withdraw his guilty plea as there were several "factors that way [sic] heavily in favor of granting the motion." These factors include that: (1) he is innocent, (2) he did not fully understand the implications of his guilty plea, and (3) the state would not be unduly prejudiced by the withdrawal of his guilty plea as it was never sent to the Grand Jury or

scheduled for trial. After reviewing the record, we find McGlosson's arguments to be without merit.

{¶ 11} First, contrary to McGlosson's assertions, the record indicates the trial court carefully considered all arguments in support of his motion before rendering its decision. The court held a full hearing, received evidence, and considered arguments from both the state and McGlosson. Furthermore, the court placed on the record several factors it considered in reaching its decision to deny the motion. Specifically, the court noted that: McGlosson was represented by highly competent counsel at the time he entered his plea, he was afforded a full Crim.R. 11 hearing, he waited about ten months after sentencing to file his motion to withdraw, and did not challenge the fact that he confessed to inappropriately touching the victim.

{¶ 12} Second, the lapse in time between sentencing and the filing of the motion to withdraw affects McGlosson's credibility and also militates against the granting of the motion. *See State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14, citing *Smith* at paragraph three of the syllabus. As noted by the trial court, at least ten months had passed between McGlosson's sentencing and his request to withdraw his guilty plea. Additionally, the evidence McGlosson relied upon is insufficient to establish a manifest injustice. In his affidavit, McGlosson proclaims his innocence and claims that he never intended to plead guilty but did so "in part at the insistence of my attorney." This court has previously held that a self-serving affidavit of the movant is insufficient to demonstrate manifest injustice. *State v. Heath*, 12th Dist. No. CA2006-03-036, 2006-Ohio-7045, ¶ 9. Accordingly, McGlosson's own self-serving affidavit and testimony proclaiming his innocence is insufficient to establish a manifest injustice. Moreover, Heather's and Baker's affidavits were of limited value and do not demonstrate a manifest injustice. As noted by the trial court, Heather's statement that she "never had any form of sexual contact" with McGlosson does not support granting the

motion to withdraw as Heather was not the victim. Baker's affidavit merely establishes that he was not interviewed by the police regarding the charges against McGlosson. His affidavit in no way supports McGlosson's claims of innocence.

{¶ 13} Finally, the record does not support McGlosson's claims that he is innocent or that he did not understand the implications of his guilty plea. The record indicates that prior to filing his motion to withdraw, McGlosson never informed the court of his innocence. To the contrary, McGlosson admitted to the charges as presented in the bill of information. The bill of information stated: "On or about January 01, 1998, through December 31, 2002, * * * David S. McGlosson did have sexual contact with another * * * when the other person, * * * is less than thirteen years of age." Further, the Entry of Plea of Guilty to an Information, signed by McGlosson states: "By pleading guilty I admit committing the offense." Additionally, the trial court noted that during the interview, "this defendant confessed to some sort of sexual misconduct" and further noted that McGlosson was not challenging that he made these statements.

{¶ 14} The record also indicates that McGlosson was aware of the nature of the charges and the implications of his plea. First, McGlosson conceded in his brief that he received a full Crim.R. 11 hearing. A Crim.R. 11 hearing necessarily requires the court to determine that a defendant is "making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation." Crim.R. 11(C)(2)(a). *See also State v. Manis,* 12th Dist. No. CA2011-03-059, 2012-Ohio-3753, ¶ 11. Moreover, the Entry of Plea of Guilty to an Information, signed by McGlosson, also indicates that he understood the nature of the charges and the consequences of his guilty plea. The entry states: "I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. * * * No threats have been made to me. No promises have been

made * * *."

{¶ 15} In sum, McGlosson's unsubstantiated claims that he is innocent and did not understand the implications of his guilty plea are not sufficient to overcome the evidence in the record as detailed above.

{¶ 16} McGlosson next claims that his motion should have been granted because the state would not be prejudiced by the withdrawal of his guilty plea as the case against him was not previously set for trial or presented to the grand jury. As noted by the trial court, no evidence was presented as to this argument. Accordingly, we will not consider it on appeal. *See State v. McMahon*, 2010-Ohio-2055 at ¶ 32, fn. 2 (noting that an appellate court only considers those issues raised before the trial court).

{¶ 17} After a thorough review of the record, we conclude that the trial court considered all relevant factors presented by the motion and ultimately acted within its direction when it denied McGlosson's motion to withdraw his guilty plea.

{¶ 18} McGlosson's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT FAILED TO EXAMINE THE CONDUCT OF DEFENDANT-APPELLANT'S DEFENSE ATTORNEYS' REPRESENTATION PRIOR TO THE PLEA HEARING INCLUDING THE INVESTIGATION OF THE EVIDENCE BEING PRODUCED AGAINST HIM.

{¶ 21} In his second assignment of error, McGlosson asserts the trial court erred by denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel. McGlosson claims his attorneys were ineffective because they failed to file a motion to suppress, failed to properly investigate the claims against him, and told him he would

receive probation if he pled guilty.[2] McGlosson contends the trial court solely relied upon its finding regarding the motion to suppress in concluding he received effective assistance of counsel. He claims that had the trial court considered this other conduct, it would have found counsel was ineffective and granted the motion to withdraw his guilty plea. We disagree.

{¶ 22} Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea. *State v. Eberle*, 12th Dist. No. CA2009-10-065, 2010-Ohio-3563, ¶ 56. When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the movant must show that (1) his counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Heath*, 12th Dist. No. CA2006-03-036, 2006-Ohio-7045, ¶ 8. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. No. CA2012-05-109, 2012-Ohio-5610, ¶ 14, citing *McMahon* at ¶ 35.

{¶ 23} We first note that McGlosson could have challenged his convictions and sentence on direct appeal based upon counsels' performance. "It is well established by pertinent Ohio case law that claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata." *Hendrix* at ¶ 11, quoting *State v. Madrigal,* 6th Dist. Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶ 16. Accordingly, as McGlosson could have raised the issues relating to his trial attorneys' performance in a direct appeal of his sentence and convictions,

---

2. McGlosson also alleges that his attorneys were deficient for failing to consider the mens rea required to commit gross sexual imposition. In support of this argument, he claims that the type of touching he described during the interview with the Sheriff's Office did not establish the requisite mens rea for the offense of gross sexual imposition. He also argues that based on his confession, the appropriate offense would have been sexual imposition rather than gross sexual imposition. This court only considers those issues raised before the trial court in the motion to withdraw. *See State v. McMahon*, 2010-Ohio-2055, ¶ 32, fn. 2. McGlosson did not raise these issues to the trial court below, and therefore we will not consider them on appeal.

those matters are now barred by res judicata. Even if res judicata was inapplicable to the case at bar, McGlosson's argument that he received ineffective assistance of counsel is without merit.

{¶ 24} The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. McMahon*, 2010-Ohio-2055 at ¶ 36, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). Rather, the failure to file such a motion amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. *State v. Brown*, 12th Dist. No. CA2002-03-026, 2002-Ohio-5455, ¶ 11. Even if some evidence in the record supports a motion to suppress, counsel is still considered effective, "if defense counsel could reasonably have decided that filing a motion to suppress would have been a futile act." *Id.*

{¶ 25} McGlosson argues his attorneys should have filed a motion to suppress based on a statement he made during the interview with the Sheriff's Office. During that interview, McGlosson inquired: "If I say I want to talk to a lawyer, what does that do to this process." The detective responded: "If you want to talk to a lawyer, we'll just move forward with what we got. * * * Obviously you have that right. * * * We could get up right now Dave, all you got to do is say you don't want to talk to us and we walk out the door." McGlosson chose to continue the interview with the detectives. At the hearing on his motion to withdraw his guilty plea, McGlosson testified that his attorneys never followed up on filing a motion to suppress "because they just kept pushing for me to take the plea." He stated that he pled guilty to the offenses based on his attorneys' assurances that he would receive probation in exchange for the plea. Pagan, however, testified that he and his co-counsel considered filing a motion to suppress, but based on his experience, such motions are rarely granted. He also noted that McGlosson was provided *Miranda* warnings prior to the interview, and therefore he believed it was "very or highly unlikely that it was going to get suppressed."

{¶ 26} When a suspect in custody expresses "his desire to deal with the police only through counsel," the suspect "is not subject to further interrogation by the authorities until counsel has been made available to him." *State v. Voss*, 12th Dist. No. CA2006-11-132, 2008-Ohio-3889, ¶ 65, citing *Edwards v. Arizona*, 451 U.S. 477, 485-485, 101 S.Ct. 1880 (1981). To invoke the right to have an attorney present during interrogation, a suspect must unambiguously request counsel such that a reasonable officer in the circumstances could understand the statement to be a request for an attorney. *Voss* at ¶ 66, quoting *Davis v. United States*, 512 U.S. 452, 459, 101 S.Ct. 2350 (1994). However, if the statement is not clear that the person is requesting an attorney, then the officers are not required to stop questioning the suspect. *Id.* Statements such as "I think I need a lawyer" have been found not to be an unambiguous and unequivocal request for an attorney. *See, e.g., Voss* at ¶ 69; *State v. Henness*, 79 Ohio St.3d 53, 63 (1997).

{¶ 27} In this case, even if trial counsel had filed a motion to suppress, it would have been futile. McGlosson's inquiry, "If I say I want to talk to a lawyer; what's that do to this process" was not a clear and unequivocal request for an attorney.[3] Accordingly, a motion to suppress the confession would have been denied on this basis. As a result, we find that McGlosson failed to demonstrate that his attorneys were ineffective for failing to file a motion to suppress.

{¶ 28} Next, McGlosson claims his attorneys' were ineffective because they told him he would receive probation if he pled guilty. He also contends his trial attorneys were ineffective as they "pressured" him into pleading guilty and failed to investigate the charges against him. He essentially argues that had his attorneys conducted an appropriate

---

3. In reaching this conclusion, we are not making any determination as to whether McGlosson was in custody at the time of the statement as the fact that the statement was not an unequivocal request for an attorney is dispositive.

investigation they would have discovered that the police did not have a statement from Heather alleging McGlosson had raped her. He contends that the lack of a statement from Heather would have affected his decision to plead guilty as he pled guilty in part to avoid charges related to Heather. However, McGlosson did not complain about any of these alleged deficiencies in his attorneys' performance until about a year after his conviction. Again, this lapse in time adversely affects his credibility and militates against the granting of the motion. *See State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14, citing *Smith,* 49 Ohio St.2d at paragraph three of the syllabus.

{¶ 29} Furthermore, the record does not support McGlosson's claims that his attorneys were deficient. First, McGlosson was informed on numerous occasions that he faced possible incarceration rather than probation. Pagan testified that he advised McGlosson that the possible penalty for a conviction of gross sexual imposition was five years. Additionally, while testifying at the hearing, McGlosson himself acknowledged that the judge informed him that he faced a possible maximum prison term of five years on each count.[4] Moreover, the Entry of Plea of Guilty to Information, signed by McGlosson, also states that the maximum penalty for each count of gross sexual imposition was five years.

{¶ 30} Additionally, there is no evidence in the record that McGlosson was pressured into pleading guilty and the record indicates that the attorneys conducted an appropriate investigation into the charges against McGlosson. McGlosson testified that during the original plea hearing he advised the judge that no threats or promises had been made in exchange for his guilty plea. He also testified during the plea hearing that he was satisfied

---

4. McGlosson failed to file a transcript of the plea hearing or dispositional hearing as required by App.R. 9(B). Accordingly, we must presume the validity of those proceedings. *State v. Hendrix*, 2012-Ohio-5610 at ¶ 21. However, McGlosson did file a transcript of the hearing on his motion to withdraw. At that hearing, McGlosson provided testimony regarding the plea hearing. Furthermore, it appears that the trial court reviewed "draft copies of the dispositional hearing and the plea hearing" when reaching its decision. However, because this court was not provided with official copies of these transcripts, we rely on the information attached to the motion to withdraw as well as the testimony from the hearing on the motion to withdraw.

with his attorneys' assistance and advice. As to the investigation by the attorneys, Pagan testified that in investigating the charges, he spoke with McGlosson and the prosecutor, reviewed the DVD of McGlosson's interview with police, talked to other family members, including Heather, and considered the legal consequences of McGlosson's statement.

{¶ 31} McGlosson's only evidence to support his claims that his attorneys were ineffective is his own self-serving testimony and the affidavits of Heather and Baker. McGlosson stated in his affidavit that he was promised he "would receive probation" if he pled guilty. He also stated that he "relied upon the advice of my attorneys, believing that they had fully investigated the allegations made against me including that my step-daughters had given statements that I had raped them." Heather's affidavit in turn confirmed that she was never interviewed by the Butler County Sheriff's Office. Baker also confirmed that he was never interviewed by the Sheriff's Office.

{¶ 32} Generally, a self-serving affidavit of the movant is insufficient to demonstrate manifest injustice. *State v. Heath*, 12th Dist. No. CA2006-03-036, 2006-Ohio-7045, ¶ 9. Moreover, the "good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved" by the trial court. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). The trial court noted on the record that it "didn't put much weight" to the affidavits of Baker or Heather as Heather was not a victim. We defer to the trial court's finding with respect to the weight and credibility of Heather and Baker's affidavits. Accordingly, the evidence presented in support of McGlosson's claims that his trial attorneys pressured him into pleading guilty and failed to conduct a proper investigation is insufficient to overcome the evidence to the contrary found in the record.

{¶ 33} Based on the foregoing, McGlosson failed to show that his trial attorneys were deficient or that he would not have pled guilty, absent his trial attorneys' alleged ineffectiveness. Accordingly, we do not find that the trial court abused its discretion in

denying McGlosson's motion to withdraw his guilty plea based on ineffective assistance of counsel.  McGlosson's second and final assignment of error is overruled.

{¶ 34} Judgment affirmed.


S. POWELL and RINGLAND, JJ., concur.