[Cite as *State v. King*, 2014-Ohio-5393.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2013-11-199 |
| Plaintiff-Appellee, | : | CA2014-06-138 |
| | : | O P I N I O N |
| - vs - | | 12/8/2014 |
| | : | |
| THOMAS EARL KING, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-03-0440

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Daniel J. O'Brien, 1210 Talbott Tower, 131 North Ludlow Street, Dayton, Ohio 45402, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Thomas Earl King, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief. For the reasons discussed below, we affirm the judgment of the trial court.[1]

**I. Facts**

---
1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2} On July 25, 2012, King was indicted on one count of possession of marijuana in a quantity of more than 40,000 grams, in violation of R.C. 2925.11, a second-degree felony. The charge arose after King was found unloading substantial quantities of marijuana from Orlando Gamble's vehicle.

{¶ 3} On March 2, 2012, Gamble was driving a 2005 Bobtail Freightliner and was stopped by the Missouri State Highway Patrol for a routine compliance inspection. Upon interaction with Gamble, the officers became suspicious and after a search of his vehicle, six duffel bags full of marijuana were found. Approximately 500 pounds of marijuana was recovered. A Drug Enforcement Administration (DEA) investigation began. Gamble admitted to officers that he was to deliver some of the marijuana to a man named "T" in Fairfield, Ohio. Based on this information, the DEA set up a controlled delivery of the marijuana.

{¶ 4} Gamble, equipped with DEA undercover covert audio recording devices, met "T" at an agreed upon location in Fairfield, Ohio. Gambled called "T" by phone and asked him to help unload the bags into Gamble's van.[2] Law enforcement observed a man walk towards Gamble. Once law enforcement overheard on the recording device Gamble confirm that the man was indeed "T" and that "T" was assisting Gamble in unloading the marijuana from the Freightliner into the van, the arrest signal was given, and "T" was arrested. "T" was identified as King. Gamble was later charged federally for his involvement in the transaction.[3]

{¶ 5} After his arrest, King was interrogated. During the taped interrogation, King stated that Gamble set him up and that he was just "small time." He also admitted that he helped Gamble unload "it" and that he expected to receive some of "it" in return. After

2. Gamble owned a van which was already parked at the Fairfield location.

3. Gamble pled guilty to attempting to distribute marijuana and was sentenced to 60 months in jail on April 18, 2013.

making these statements and at approximately 14 minutes into the interview, King stated, "I just need to talk to my lawyer." When law enforcement inquired who his attorney was, King responded, "I'm gonna [sic] get one." However, the interrogation continued, and he made other admissions of guilt.

{¶ 6} King initially pled not guilty and demanded a bill of particulars and discovery from the state. On December 12, 2012, after receiving a copy of his taped interview, King filed a motion requesting leave to file a motion to suppress his statements made during that interview. King argued his statements were obtained in violation of his right to counsel and should be suppressed. On the day of the hearing on the motion, King accepted a plea deal and pleaded guilty to an amended offense, possession of marijuana in a quantity of more than 20,000 grams but less than 40,000 grams. Appellant was later sentenced to the minimum mandatory five-year prison sentence with three years of postrelease control, and a mandatory fine of $7,500. King did not appeal his conviction and sentence.

{¶ 7} On August 28, 2013, approximately seven months after he was sentenced, King filed the instant petition for postconviction relief. In his petition, King argued his plea was not knowing and voluntary as he received ineffective assistance of counsel. As part of his exhibits in support of the petition, King attached the following: (1) his own affidavit; (2) the affidavit of his wife, Shawndra King; (3) the DEA Report of Investigation; (4) the recording of King's interview; and (4) the indictment, docket sheet, and the government's sentencing memorandum in Gamble's federal case. The trial court denied King's petition without holding an evidentiary hearing. King sought findings of fact and conclusions of law from the trial court and also appealed the trial court's decision denying his petition.

{¶ 8} On May 12, 2014, this court remanded the matter to the trial court for the purpose of ruling on King's motion for findings of fact and conclusions of law. *State v. King*, 12th Dist. Butler No. CA2012-11-199 (May 12, 2014) (Entry Granting Motion to Remand

Appeal for Findings of Fact and Conclusions of Law).  On May 20, 2014, the trial court issued its findings of fact and conclusions of law for the denial of King's petition for postconviction relief.[4]  King now appeals the trial court's denial of his motion for postconviction relief, raising one assignment of error for our review.

## II.  Analysis

{¶ 9}   Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.

{¶ 11} In his sole assignment of error, King argues the trial court erred by denying his petition for postconviction relief without first holding an evidentiary hearing.  King asserts that the evidence he submitted with his petition, including his affidavit, the affidavit of his wife, and the sentencing memorandum in Gamble's federal case, provided sufficient operative facts demonstrating his Sixth Amendment rights were violated as he received ineffective assistance of counsel.  Specifically, King asserts his counsel's performance was ineffective as he: (1) failed to investigate the case, prepare for trial, and interview witnesses; (2) failed to advise King of the strength of the state's case against him; (3) pressured King into pleading guilty; and (4) failed to follow through with the motion to suppress.

## A.  Standard of Review

{¶ 12} Postconviction relief petitions are governed by R.C. 2953.21, which states, in pertinent part, the following:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief

---

4. King also appealed from this order of the trial court.  On July 22, 2014, this court sua sponte consolidated the appeals.  *State v. King*, 12th Dist. Butler Nos. CA2013-11-199 and CA2014-06-138 (July 22, 2014) (Entry of Consolidation).

relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 13} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 15. A reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence. *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 11.

{¶ 14} Furthermore, an evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief. *Wilson* at ¶ 16. Pursuant to R.C. 2953.21(C), a trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Hicks*, 12th Dist. Butler No. CA2004-07-170, 2005-Ohio-1237, ¶ 9, citing *Calhoun* at paragraph one of the syllabus. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Clark*, 12th Dist. Warren No. CA2008-09-113, 2009-Ohio-2101, ¶ 8; R.C. 2953.21(A)(1). The decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. *Wilson* at ¶ 16.

**B. Ineffective Assistance of Counsel**

{¶ 15} In order to establish an ineffective assistance of counsel claim, appellant must

show that his trial counsel's performance was outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *Dillingham*, 2012-Ohio-5841 at ¶ 20; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Mathes*, 2013-Ohio-4128 at ¶ 13. "In the context of a guilty plea, prejudice will not be found unless a defendant demonstrates there is a reasonable probability that, if not for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 10, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 336, 370 (1985).

### 1. Ineffective Assistance: Trial Preparation

{¶ 16} King first argues that his trial counsel was ineffective as he failed to adequately prepare for trial, interview witnesses, and investigate the case. King asserts that counsel's performance was deficient because he did not sufficiently familiarize himself with the facts of the case so that he could advise King meaningfully on his available options. Accordingly, King concludes that counsel's performance rendered his plea unknowing and involuntary.

{¶ 17} As an initial matter, we find that the trial court did not err in denying King's petition for postconviction relief without holding a hearing on his claim that he was prejudiced by trial counsel's failure to adequately prepare for trial because this claim is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except a direct appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. A trial court may dismiss a postconviction petition on the basis of

the doctrine of res judicata. *Dillingham* at ¶ 9. There is however, "an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record *that was not in existence and available to the petitioner in time to support the direct appeal.*" (Emphasis sic.) *Mathes*, 2013-Ohio-4128 at ¶ 14.

{¶ 18} In the present case, King never filed a direct appeal, nor did he request leave to file a delayed appeal from his conviction. A petition for postconviction relief does not provide a petitioner with a second opportunity to litigate his conviction. *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 15-16. Any claim that King was prejudiced by his trial counsel's failure to adequately prepare for trial could have, and should have been brought on direct of appeal of his conviction. King has failed to identify any new evidence or any reason why his claims regarding trial counsel's ineffectiveness could not have been raised on direct appeal. Accordingly, King's petition for postconviction relief on the basis of ineffective assistance of counsel due to counsel's alleged lack of preparation is barred by res judicata. *See Wagers*, 2012-Ohio-2258 at ¶ 10.

{¶ 19} Moreover, King's claim that his trial counsel was unprepared for trial is not supported by affidavit, documentary evidence, or the record. After carefully reviewing the record, there is no evidence that King's trial counsel was unprepared for trial or that King was prejudiced by counsel's performance in this regard. Rather, the record indicates that trial counsel filed a request for a bill of particulars, demanded discovery, and filed for leave to file a motion to suppress. This evidence demonstrates that counsel took substantial steps to investigate the case and prepare for trial. In addition, during the plea hearing, on two different occasions, King indicated to the court that he was satisfied with counsel's representation and advice.

{¶ 20} Accordingly, we find no error in the trial court's decision to deny King's petition for postconviction relief without holding an evidentiary hearing on his claims that trial counsel

was ineffective in his preparation for trial.

## 2. Ineffective Assistance: Gamble's Testimony

{¶ 21} King also argues that trial counsel was ineffective as he failed to properly advise King of the strength and weaknesses of the case, including the effect of Gamble not testifying. King's petition at its core challenges his plea as not being knowing or voluntary as he was unaware "Gamble was refusing to testify against [him]." He asserted in his affidavit that his trial counsel "knew or should have known that Mr. Gamble was refusing to testify against me." King's wife, Shawndra, also asserted in her affidavit that at the time of the plea, she and King were unaware that Gamble refused to testify against King. Shawndra King further averred that she and King did not learn that Gamble refused to cooperate with the government until she attended his sentencing hearing on April 10, 2013. King contends that "without Gamble's testimony, any case against [him] was severely weakened."

{¶ 22} At first blush, based on the alleged timing of King's knowledge regarding Gamble's lack of cooperation, this evidence appears to be evidence outside of the record at the time of a direct appeal, and therefore would fall under the exception to the res judicata bar. However, we find that King and his wife's affidavits are insufficient to meet the exception. Although King claims he was unaware of Gamble's refusal to cooperate, it is clear that King knew of him and that he could be a potential witness against him. Accordingly, as the information King now relies upon was clearly in existence and readily available to him, any claim that his trial counsel was ineffective relating to Gamble's potential testimony, could have been and should have been raised on direct appeal. This claim is therefore also barred by the doctrine of res judicata. *Wagers* at ¶ 10.

{¶ 23} Even if res judicata did not apply, King's claim that Gamble refused to testify against him is not supported by the record. The only evidence submitted in support of King's claim was King's and Shawndra's statements in their affidavits. As to King's affidavit, we find

that this self-serving affidavit was insufficient to trigger the right to a hearing. *Isbell*, 2004-Ohio-2300 at ¶ 14 ("in general, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21"). In addition, Shawndra's affidavit is mostly based on information provided by King and not based on her own observations or discussions with trial counsel. *Compare State v. Smith*, 1st Dist. Hamilton No. C-070624, 2008-Ohio-3789 (finding trial court erred in failing to conduct an evidentiary hearing on a petition for postconviction relief for ineffective assistance of counsel where the record bolstered the claims asserted by defendant and his grandmother in their affidavits).

**{¶ 24}** Additionally, the record does not bolster or support King and Shawndra's conclusion that Gamble's refusal to cooperate with the government meant that he also refused to testify against King. The government's sentencing memorandum in Gamble's case only suggests that Gamble had not been forthcoming with some unspecified information. It is pure speculation on the part of King and Shawndra that simply because Gamble was uncooperative in his own case that he would also be uncooperative and refuse to testify in King's case. "Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 24, quoting *State v. English*, 9th Dist. Lorain No. 99CA007408, 2000 WL 254912, *4 (Mar. 8, 2000). Therefore, it remained unclear whether Gamble would have provided testimony against King.

**{¶ 25}** Moreover, from the state's discovery response, it is clear that Gamble was not the only witness the state intended to call in the case against King. Rather, several law enforcement officers who were present and participated in the control delivery were to testify against King.

**{¶ 26}** Based on the foregoing, the trial court did not err in denying King's petition for

postconviction relief without holding an evidentiary hearing on his claims that trial counsel was ineffective in advising King on the strengths and weaknesses of the case.

### 3. Ineffective Assistance: Guilty Plea

{¶ 27} King next alleges that his trial counsel was ineffective as counsel "scared and pressured" him into pleading guilty. In support of his claim, King points to his affidavit in which he averred that trial counsel scarred and pressured him into taking the plea agreement by telling him that the state was going to use "the tape recordings, cars that were seized, and a gun found at my house to paint a picture of me being some kind of big kingpin." After reviewing the record, we find that King's self-serving affidavit is insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2553.21. *See Isbell* at ¶ 14; *see also State v. Kapper*, 5 Ohio St.3d 36, 38 (1983). Furthermore, the record from the plea hearing reveals that King told the court that no one was forcing him or threatening him into entering the guilty plea. There is no evidence or indication in the record which contradicts King's statements made during the plea hearing.

{¶ 28} Accordingly, the trial court did not err in denying King's petition for postconviction relief without holding an evidentiary hearing on his claims that trial counsel pressured him into pleading guilty.

### 4. Ineffective Assistance: Motion to Suppress

{¶ 29} Finally, King asserts his trial counsel was ineffective when he failed to follow through with a meritorious motion to suppress. King claims that any "significantly incriminating statements made during the interview occurred *after* King had invoked his Miranda rights." During the recorded interview, King did state "I just need to talk to my lawyer." When asked the name of his attorney, King stated: "I'm gonnna [sic] get one." King is correct that law enforcement continued questioning him and he did make further incriminating statements. King asserts that these statements should have been suppressed.

**{¶ 30}** The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 36, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). Rather, the failure to file such a motion amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. *State v. McGlosson*, 12th Dist. Butler No. CA2012-03-057, 2013-Ohio-774, ¶ 24. Even if some evidence in the record supports a motion to suppress, counsel is still considered effective if counsel could reasonably have decided that filing a motion to suppress would have been a futile act. *Id.*

**{¶ 31}** When a suspect in custody expresses "his desire to deal with the police only through counsel," the suspect "is not subject to further interrogation by the authorities until counsel has been made available to him." *State v. Voss*, 12th Dist. Warren No. CA2006-11-132, 2008-Ohio-3889, ¶ 65, citing *Edwards v. Arizona*, 451 U.S. 477, 485-485, 101 S.Ct. 1880 (1981). To invoke the right to have an attorney present during interrogation, a suspect must unambiguously request counsel such that a reasonable officer in the circumstances could understand the statement to be a request for an attorney. *Voss* at ¶ 66, quoting *Davis v. United States*, 512 U.S. 452, 459, 101 S.Ct. 2350 (1994). However, if the statement is not clear that the person is requesting an attorney, then the officers are not required to stop questioning the suspect. *Id.* Statements such as "I think I need a lawyer" have been found not to be an unambiguous and unequivocal request for an attorney. *See, e.g., Voss* at ¶ 69; *State v. Henness*, 79 Ohio St.3d 53, 63 (1997).

**{¶ 32}** As an initial matter, we note that any claim that King was prejudiced by trial counsel's failure to pursue a motion to suppress could have, and should have, been brought in a direct appeal of King's conviction. His claim is therefore barred by the doctrine of res judicata. *Wagers*, 2012-Ohio-2258 at ¶ 10.

**{¶ 33}** However, after reviewing the recorded interview, it is clear that prior to referencing talking to an attorney, King made several incriminating statements, such as admitting that he helped Gamble unload "it" and that he expected to receive some of "it" in return. He also stated he was only "small time." These statements corroborated the state's evidence, such as the DEA investigation report which, among other things, indicated that Gamble had several duffel bags of marijuana.[5] Even if we assume that King's statement, "I just need to talk to my lawyer," was an unequivocal request for an attorney and therefore any statements made *after* the request should have been suppressed, the record indicates that these later incriminating statements were merely cumulative to King's prior admissions and statements. As these prior statements by King would have been admissible and otherwise corroborated the state's case, we find that King failed to prove he was prejudiced by counsel's failure to pursue a motion to suppress.

### III. Conclusion

**{¶ 34}** As King's petition for postconviction relief is barred by res judicata and is otherwise unsupported by the record, we find the trial court did not err in denying the petition without holding an evidentiary hearing. King's sole assignment of error is therefore overruled.

**{¶ 35}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

---

5. The state's answer to request for discovery indicated that it intended to submit as evidence at trial the DEA's report of investigation as well as calling several of the law enforcement officials who were present and participated in the control delivery.