[Cite as *State v. Suarez*, 2015-Ohio-64.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-02-035 |
| | : | O P I N I O N |
| - vs - | | 1/12/2015 |
| | : | |
| FREDDY SUAREZ, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12-CR-28764


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Freddy Suarez, appeals a decision of the Warren County Court of Common Pleas denying his petition for postconviction relief.

{¶ 2} Appellant was charged with one count of aggravated trafficking in drugs, a first-degree felony in violation of R.C. 2925.03(A)(2), one count of aggravated possession of drugs, a first-degree felony in violation of R.C. 2925.11(A), one count of aggravated

trafficking in drugs, a third-degree felony in violation of R.C. 2925.03(A)(2), one count of aggravated possession of drugs, a third-degree felony in violation of R.C. 2925.11(A), and one count of aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A).

{¶ 3} Appellant subsequently pled guilty to the first-degree felony charge of aggravated trafficking in drugs. The remaining charges were dropped. On March 5, 2013, appellant was sentenced to three years in prison, the minimum mandatory sentence.

{¶ 4} On September 5, 2013, appellant sought postconviction relief. On September 27, 2013, appellant filed a motion for summary judgment on the postconviction relief petition. On December 9, 2013, appellant filed a motion for status review regarding the petition. On January 28, 2014, the trial court denied appellant's postconviction relief petition.

{¶ 5} Appellant now appeals that decision, raising a single assignment of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT GRANTING APPELLANT AN EVIDENTIARY HEARING.

{¶ 8} Within this assignment of error, appellant argues that the trial court's failure to grant appellant an evidentiary hearing denied him his Fifth Amendment right to due process.

{¶ 9} Postconviction relief petitions are governed by R.C. 2953.21, which states, in pertinent part, the following:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting

affidavit and other documentary evidence in support of the claim for relief.

A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 15. A reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence. *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 11.

{¶ 10} An evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief. *Wilson* at ¶ 16. Pursuant to R.C. 2953.21(C), a trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Hicks*, 12th Dist. Butler No. CA2004-07-170, 2005-Ohio-1237, ¶ 9, citing *Calhoun* at paragraph one of the syllabus. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Clark*, 12th Dist. Warren No. CA2008-09-113, 2009-Ohio-2101, ¶ 8; R.C. 2953.21(A)(1). The decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. *Wilson* at ¶ 16.

{¶ 11} In the present case, appellant argued in his postconviction relief petition that his guilty plea was involuntary due to ineffective assistance of counsel. Specifically, he argued he was coerced into pleading guilty because of his counsel's failure to attack the sufficiency

of the basis of the search warrant that led to the drug seizure, and because counsel failed to file a motion to suppress the evidence seized pursuant to that search warrant.

{¶ 12} In order to establish an ineffective assistance of counsel claim, appellant must show that his trial counsel's performance was outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *Dillingham*, 2012-Ohio-5841 at ¶ 20; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Mathes*, 2013-Ohio-4128 at ¶ 13. "In the context of a guilty plea, prejudice will not be found unless a defendant demonstrates there is a reasonable probability that, if not for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 10, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 336, 370 (1985).

{¶ 13} We note that the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 36, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). Rather, the failure to file such a motion amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. *State v. McGlosson*, 12th Dist. Butler No. CA2012-03-057, 2013-Ohio-774, ¶ 24. Even if some evidence in the record supports a motion to suppress, counsel is still considered effective if counsel could reasonably have decided that filing a motion to suppress would have been a futile act. *Id.*

{¶ 14} The record reflects that appellant's counsel did in fact file multiple motions on behalf of appellant, including a motion to suppress. Further, as the trial court noted in its entry denying appellant's petition for postconviction relief, there was ample evidence on the record to support the validity of the search warrant. Appellant has failed to show that but for

his counsel's failure to file a motion to suppress in the manner he felt was most appropriate, the motion would have been successful, he would not have pled guilty and he would have instead insisted on going to trial. Thus, appellant has not set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, we do not find that the trial court erred in denying appellant's petition for postconviction relief without first conducting an evidentiary hearing.

{¶ 15} Finally, appellant argues this court must remand this matter to the trial court because of the state's failure to respond to his petition for postconviction relief. However, a defendant's remedy for the failure of the state to respond to a postconviction petition is to move for ruling without the state's response. *State ex rel. Manning v Montgomery*, 39 Ohio St.3d 140 (1988). Here, the trial court did exactly that: ruled without the state's response. In so doing, the trial court properly complied with R.C. 2953.21. Accordingly, we do not find that the trial court abused its discretion in denying appellant's postconviction relief petition.

{¶ 16} In light of the foregoing, having found that (1) the performance of appellant's counsel was not outside the wide range of professionally competent assistance and appellant was not prejudiced as a result, and (2) the trial court did not err in ruling without the state's response, appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.