[Cite as *State v. Dillingham*, 2013-Ohio-2050.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2012-02-037 |
| Plaintiff-Appellee, | : | CA2012-02-042 |
| | : | OPINION ON |
| - vs - | | RECONSIDERATION |
| | : | 5/20/2013 |
| CHARLES DILLINGHAM, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-10-1742


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles Dillingham, #A647315, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1} This matter is before the court on an application for reconsideration filed by defendant-appellant, Charles Dillingham, pro se, pursuant to App.R. 26(A) in regard to a consolidated appeal. Appellant requests that we reconsider our December 10, 2012 judgment in which we affirmed appellant's convictions for four counts of felonious assault in violation of R.C. 2903.11(A), and one count of having weapons while under disability in

violation of R.C. 2923.13(A)(3). *State v. Dillingham*, 12th Dist. Nos. CA2012-02-037, 042, 2012-Ohio-5841 (*Dillingham I*). Specifically, appellant contends that, in *Dillingham I*, this court addressed only those issues raised in Case No. CA2012-02-037, involving his petition for postconviction relief, and failed to address the trial court's denial of his motion for leave to file a delayed motion for new trial in Case No. CA2012-02-042.

{¶ 2} Appellant is correct in that this court inadvertently failed to address his motion for new trial argument (Case No. CA2012-02-042). Accordingly, we find appellant's application for reconsideration to be well-taken and hereby reconsider our decision in *Dillingham I* only insofar as it relates to the following assignment of error.

{¶ 3} THE TRIAL COURT ABUSED ITS DISCRETION WHEN [IT] DENIED [APPELLANT'S] MOTION FOR A NEW TRIAL ON THE GROUNDS OF NEW DISCOVERED (sic) EVIDENCE IN VOILATION (sic) OF THE FIFTH AND FOURTEENTH AMENDMENT'S (sic).

{¶ 4} The following facts were set forth in *Dillingham I*:

> On November 17, 2010, appellant was indicted on four counts of felonious assault in violation of R.C. 2903.11(A), each with a firearm specification, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The charges stemmed from a shooting that occurred at the Grub Pub, a bar located in Hamilton, Butler County, Ohio. On October 15, 2010, appellant briefly visited the Grub Pub and then walked outside and shot two victims as they were walking into the bar. The Grub Pub's video surveillance system captured appellant entering the bar and the shooting.

> A bench trial was held on January 10 and 11, 2011, in which appellant argued that he was not the individual who committed the shooting at the Grub Pub. The trial court found appellant guilty on all counts and specifications and appellant was sentenced to serve 14 years in prison. This court affirmed appellant's conviction on December 12, 2011. *State v. Dillingham*, 12th Dist. No. CA2011-03-043, 2011-Ohio-6348.

> On October 24, 2011, after the filing of his direct appeal,

appellant filed a postconviction relief petition to vacate and set aside the judgment of conviction and sentence as well as a motion to appoint counsel. On December 14, 2011, appellant also filed a motion for summary judgment in relation to his petition for postconviction relief. The petition and appellant's motion to appoint counsel were denied by the trial court. The motion for summary judgment was rendered moot.

{¶ 5} Two days after the denial of his petition for postconviction relief, appellant filed a motion for leave to file a delayed motion for a new trial. The trial court denied this motion as well.

{¶ 6} On appeal, appellant contends the trial court erred in denying his motion for leave to file a delayed motion for new trial. Specifically, appellant argues that he should be permitted to file a delayed motion for a new trial outside the 120-day time period of Crim.R. 33(B) because appellant was unaware of newly discovered evidence which would exonerate him. According to appellant, the reason that he was unaware of this newly discovered evidence until the 120-day period had passed was due to prosecutorial misconduct.

{¶ 7} "A new trial may be granted on the motion of the defendant '[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial.'" *State v. Williams*, 12th Dist. No. CA2003-01-001, 2003-Ohio-5873, ¶ 17, quoting Crim.R. 33(A)(6). "Such a motion must be made within 120 days of the end of the proceedings if the basis for the motion is the discovery of new evidence." *Id.*, citing Crim.R. 33(B). "However, if it is made to appear 'by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.'" *Id.*, quoting Crim.R. 33(B). "Clear and convincing proof 'requires more than a mere allegation that a defendant has been

unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *Id.*, citing *State v. Mathis*, 134 Ohio App.3d 77, 79 (1st Dist.1999).

{¶ 8} "A motion for a new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." *State v. Barnes*, 12th Dist. No. CA99-06-057, 1999 WL 1271665, *1 (Dec. 30, 1999), citing *State v. Scheibel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} In this case, appellant moved for leave to file a delayed motion for a new trial based upon the newly discovered evidence of statements Kimberly Roberson, a Grub Pub bartender working on the night of the shooting, made to police. This motion was filed outside the 120-day period set forth in Crim.R. 33(B) and, therefore, appellant was required to demonstrate, by clear and convincing proof, that he was unavoidably prevented from discovering the evidence within the 120-day period. Appellant alleges that he was prevented from discovering Roberson's statements due to prosecutorial misconduct, as the prosecution was aware that police interviewed Roberson but failed to hand over this information in violation of Crim.R. 16(B) and *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1193 (1963).

{¶ 10} However, as previously determined in *Dillingham I*, the prosecution had no duty to hand over any information regarding Roberson because her statements were not "material" and it was "not reasonably probable" that the results of appellant's trial would have been different had these statements been admitted or had Roberson testified. *Dillingham I* at ¶ 12-18.

{¶ 11} Furthermore, appellant admitted in his affidavit in support of his motion for

leave to file a delayed motion for new trial that, prior to trial, he was made aware that Roberson was at the Grub Pub at the time of the shooting and believed she could have identified another person as the shooter. However, appellant claims, without providing a reason, that he was unable to locate Roberson—even though he knew her place of employment—for nearly ten months.

{¶ 12} Therefore, for the foregoing reasons, we find that appellant failed to meet his burden of establishing by clear and convincing proof that the evidence was undiscoverable within 120 days. The trial court did not err in denying appellant's motion for leave to file a delayed motion for a new trial. Accordingly, appellant's sole assignment of error addressing Case No. CA2012-02-042 is overruled.

{¶ 13} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.