[Cite as *State v. Dillingham*, 2017-Ohio-8637.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-08-111 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 11/20/2017 |
| - vs - | : | |
| | : | |
| CHARLES DILLINGHAM, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-10-1742

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles Dillingham, #A647315, Chillicothe Correctional Institution, 15802 State Route 104, Chillicothe, Ohio 45601, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Charles Dillingham, appeals from the decision issued of the Butler County Court of Common Pleas denying his most recent motion for a new trial after he was found guilty of four counts of felonious assault, each with a firearm specification, and one count of having weapons while under disability.[1] For the reasons

---

1. Pursuant to Loc.R. 6(A), the court hereby sua sponte removes this case from the accelerated calendar for

outlined below, we affirm.

{¶ 2} Dillingham is no stranger to this court having previously appealed his conviction on multiple occasions. *See State v. Dillingham*, 12th Dist. Butler No. CA2011-03-043, 2011-Ohio-6348; *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841; *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2013-Ohio-2050; and *State v. Dillingham*, 12th Dist. Butler No. CA2014-11-226 (June 8, 2015) (Accelerated Calendar Judgment Entry). In each of these cases, we overruled Dillingham's various assignments of error and affirmed Dillingham's conviction and 14-year prison sentence. This includes a decision by this court affirming the trial court's decision denying Dillingham's motion for leave to file a delayed motion for a new trial due to alleged prosecutorial misconduct.

{¶ 3} Despite this court's previous rulings, on June 5, 2017, Dillingham filed a motion for a new trial arguing he was entitled to a new trial "due to misconduct of state's witness and prosecutor," who Dillingham claims violated his right to a fair trial. In support of this motion, Dillingham cited R.C. 2945.79(A) and (B), which provides that a new trial may be granted resulting from:

> (A) Irregularity in the proceedings of the court, jury, prosecuting attorney, or the witnesses for the state, or for any order of the court, or abuse of discretion by which the defendant was prevented from having a fair trial;
>
> (B) Misconduct of the jury, prosecuting attorney, or the witnesses for the state * * *.

{¶ 4} According to Dillingham, he was entitled to a new trial since a state witness, Officer Shawn Fryman, a police officer with the city of Hamilton, as well as the prosecutor, engaged in misconduct by committing perjury and/or knowingly eliciting perjured testimony

---

purposes of issuing this opinion.

- 2 -

at trial.

{¶ 5} On July 10, 2017, the trial court issued a decision denying Dillingham's motion for a new trial upon finding the motion was untimely in accordance with both R.C. 2945.80 and Crim.R. 33(B), which required Dillingham to file his motion no later than 14 days after the trial court rendered its verdict. It is undisputed that the trial court rendered its verdict finding Dillingham guilty following a bench trial on January 13, 2011.

{¶ 6} Dillingham now appeals from the trial court's decision denying his motion for a new trial, raising two assignments of error for review. For ease of discussion, Dillingham's two assignments of error will be addressed together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF PROSECUTORIAL MISCONDUCT AND STATE'S WITNESS IN VIOLATION OF APPELLANT'S FOURTEENTH AND SIXTH AMENDMENTS OF THE CONSTITUTION.

{¶ 9} Assignment of Error No. 2:

{¶ 10} APPELLANT HEREIN IS INNOCENT OF THE CHARED [sic] INDICTMENT PURSUANT TO O.R.C. 2953.23.

{¶ 11} In his two assignments of error, Dillingham argues the trial court erred by denying his motion for a new trial since he is innocent and only found guilty based on perjured testimony and prosecutorial misconduct. Dillingham's motion, however, which does not allege any newly discovered evidence, is clearly untimely as the motion was filed over six years after the trial court rendered its verdict. Dillingham has provided no explanation for this delay or why this issue was not originally raised as part of his direct appeal, thus rendering it improper under the doctrine of res judicata. In so holding, we note that Dillingham's six-year delay in filing his motion for a new trial is particularly troubling when considering this court has already determined Dillingham's conviction was supported

- 3 -

by sufficient evidence and otherwise not against the manifest weight of the evidence.

{¶ 12} As this court has stated previously, it is well-established that the decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 170. After a thorough review of the record, we find no error in the trial court's decision denying Dillingham's motion for a new trial because the motion was untimely by over six years and otherwise barred by the doctrine of res judicata. Therefore, finding no error in the trial court's decision, Dillingham's two assignments of error are overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.