[Cite as *State v. Casey*, 2017-Ohio-790.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS.  CA2016-01-001 |
| Plaintiff-Appellee, | : | CA2016-06-013 |
| | : | O P I N I O N |
| - vs - | | 3/6/2017 |
| | : | |
| LARRY L. CASEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2015-5239

Michael DeWine, Ohio Attorney General, Jocelyn K. Lowe and Katherine E. Mullin, 150 East Broad Street, 16th Floor, Columbus, Ohio 43215, for plaintiff-appellee

Blaise Underwood, 97 North South Street, Wilmington, Ohio 45177, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1}   Defendant-appellant, Larry L. Casey, appeals from his conviction in the Clinton County Court of Common Pleas for failing to notify of his change of address, two counts of sexual battery, unlawful sexual conduct with a minor, and rape.  For the reasons outlined below, we affirm.

{¶ 2}   On March 25, 2015, the Clinton County Grand Jury returned an indictment charging Casey with failing to notify of his change of address as a Tier III sex offender.

Thereafter, on June 22, 2015, the Clinton County Grand Jury returned another indictment charging Casey with five counts of sexual battery, five counts of rape, and one count of unlawful sexual conduct with a minor. With the exception of the one count alleging unlawful sexual conduct with a minor, all of the charges included a sexually violent predator specification. According to the bill of particulars, these charges stemmed from allegations Casey engaged in various sex acts with N.J., both before and after she turned 13 years old.[1]

{¶ 3} The matter ultimately proceeded to a four-day jury trial that concluded on January 8, 2016. At trial, N.J., who was then 15 years old, testified to several instances where Casey had sexual intercourse with her both before and after she turned 13. According to N.J.'s testimony, these incidents occurred multiple times between 2009 and 2014 while she was living in both Warren County and Clinton County. Casey denied ever engaging in any sex acts with N.J. Rather, Casey claimed N.J. was lying and that the allegations were all part of a grand conspiracy between N.J. and her father.

{¶ 4} After both parties rested, the jury returned a verdict finding Casey guilty of two counts of sexual battery, one count of rape, and for having unlawful sexual conduct with a minor. The jury also found Casey guilty of failing to provide notice of his change of address. After the jury reached its verdict, the trial court held a hearing wherein it classified Casey as a sexually violent predator and sentenced him to serve a mandatory indefinite term of 25 years to life in prison. Casey now appeals from his conviction, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

---

1. The trial court referred to N.J. by her full name in its judgment entry. In order to keep a victim's identity private, particularly when it relates to a minor victim of a sex offense, we encourage all trial courts not to include any such identifying information within its entries and orders. For more information, *see The Supreme Court Writing Manual: A Guide to Citations, Style, and Judicial Opinion Writing*, p. 111 (July 1, 2013), available at https://www.supremecourt.ohio.gov/ROD/manual.pdf.

{¶ 6} APPELLANT'S CONVICTIONS MUST BE REVERSED AS APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 7} In his first assignment of error, Casey argues his conviction must be reversed because he received ineffective assistance of trial counsel. We disagree.

{¶ 8} Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. In turn, to prevail on an ineffective assistance of counsel claim, Casey must show (1) that his trial counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984); *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 9} As it relates to the first prong regarding his trial counsel's performance, this requires Casey to show "'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *State v. Miller*, 12th Dist. Clermont No. CA2011-04-028, 2012-Ohio-995, ¶ 27, quoting *Strickland* at 687. On the other hand, as it relates to the second prong requiring a showing of prejudice, this requires Casey to establish that, but for his trial counsel's errors, there is a reasonable probability that the result of trial would have been different. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 42. A "reasonable probability" is a probability that is sufficient to undermine confidence in the outcome. *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 31, citing *Strickland* at 694.

{¶ 10} Casey initially argues he received ineffective assistance of counsel when his trial counsel failed to object to "no fewer than thirty three" instances of hearsay testimony. However, contrary to Casey's claims, it is well-established that the "[f]ailure to make objections does not automatically constitute ineffective assistance of counsel[.]" *State v. Homer*, 12th Dist. Warren No. CA2003-12-117, 2006-Ohio-1432, ¶ 15, citing *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 168. That is certainly the case here for many of the alleged hearsay statements Casey complains of were either non-hearsay statements as defined by Evid.R. 801 or exceptions to the rule against hearsay as provided by Evid.R. 803. This includes testimony regarding many of Casey's own statements, as well as N.J.'s statements she made during her forensic interview with Cecelia Freihofer, a social worker and forensic interviewer employed with the Mayerson Center for Safe and Healthy Children at Cincinnati Children's Hospital.

{¶ 11} As it relates to any other alleged hearsay statements, we find Casey's trial counsel's decision not to object to every potential hearsay statement was part of a sound trial strategy that did not subject Casey to any resulting prejudice. *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 27. For instance, Casey claims his trial counsel was ineffective for not objecting to N.J.'s testimony about her mother's response when asked what she would do if Casey ever sexually abused her or one of her siblings. Casey disputes similar innocuous statements, some of which were not even related to this case, from Freihofer, an investigator with Clinton County Children Services, a former police officer, and his former landlord. "Trial counsel is not ineffective for choosing, for tactical reasons, not to pursue every possible trial objection." *State v. Raypole*, 12th Dist. Fayette No. CA2014-05-009, 2015-Ohio-827, ¶ 24. This is because "[o]bjections tend to disrupt the flow of a trial and are considered technical and bothersome by a jury." *State v. Steele*, 12th

Dist. Butler No. CA2003-11-276, 2005-Ohio-943, ¶ 100, citing *State v. Hill*, 75 Ohio St.3d 195, 211 (1996). Casey's claim otherwise is without merit.

{¶ 12} Casey next argues he received ineffective assistance of counsel when his trial counsel failed to object to "no fewer than twenty one" instances of "unqualified 'expert' testimony" from Freihofer, the social worker and forensic interviewer who conducted the forensic interview with N.J. However, although never explicitly designated an expert by the trial court, we find such a designation would have been proper and further find that Freihofer's testimony regarding her forensic interview with N.J. and the effects that sexual abuse may have on a child-victim during such interviews would have qualified as properly admitted expert testimony from an educated, licensed, and experienced social worker and forensic interviewer. *See* Evid.R. 702; *see also State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 51-53 (trial court did not abuse its discretion in designating Freihofer as an expert witness qualified to testify as an expert on forensic interviewing). As the record indicates, Freihofer has conducted over three thousand forensic interviews during her eleven-year career as a social worker and forensic interviewer. Therefore, any objection to Freihofer testifying as an expert witness regarding forensic interviewing would have been futile. Casey's claim to the contrary lacks merit.

{¶ 13} Finally, Casey argues he received ineffective assistance when his trial counsel elicited testimony from him that he was then currently incarcerated without then seeking a curative instruction on the same. However, "a comment referring to a defendant being in jail is not per se a prejudicial remark." *State v. Ellis*, 10th Dist. Franklin No. 05AP-800, 2006-Ohio-4231, ¶ 21. Moreover, because this testimony came in response to trial counsel's own questioning of Casey as part of his case-in-chief, this is once again nothing more than a product of a sound trial strategy that did not subject Casey to any resulting prejudice. As this

court has stated previously, we afford trial counsel's strategic decisions considerable deference. *State v. Robinson*, 12th Dist. Butler No. CA2014-12-256, 2015-Ohio-4649, ¶ 51. As a result, "even debatable trial strategies and tactics do not constitute ineffective assistance of counsel." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 22. The same is true regarding Casey's claim that his trial counsel was ineffective for not requesting a curative instruction. Casey was charged with very serious offenses, including rape, thereby making the fact that he was then currently incarcerated likely already known by the jury. Casey's claim otherwise is again without merit.

{¶ 14} In light of the foregoing, having found no merit to any of Casey's claims raised herein, it cannot be said that Casey's trial counsel's performance fell below an objective standard of reasonableness that subjected him to any resulting prejudice. This case, just like many other cases involving minor victims of sexual abuse, was based primarily on whether the jury found either N.J. or Casey to be credible. The jury choose to believe N.J.'s testimony. Nothing about the disputed testimony Casey complains of had any impact on the outcome of trial, let alone a reasonable probability that the result would have been different. Therefore, because Casey cannot make an adequate showing on either prong necessary to establish a claim of ineffective assistance, Casey's claim that he received ineffective assistance of trial counsel lacks merit. Accordingly, Casey's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} NUMEROUS HARMLESS ERRORS COMBINED TO CONSTITUTE CUMULATIVE ERROR SUCH THAT APPELLANT'S CONVICTIONS MUST BE REVERSED.

{¶ 17} In his second assignment of error, Casey argues his conviction must be reversed because he was subject to numerous harmless errors that when combined

constitute cumulative error, thus resulting in him receiving an unfair trial. However, because we can find no such errors occurred, we find that Casey was not deprived of a fair trial, thus rendering the cumulative error doctrine inapplicable to the case at bar. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 66; *State v. McMurray*, 12th Dist. Preble No. CA2014-08-008, 2015-Ohio-2827, ¶ 39. Therefore, Casey's second assignment of error is also overruled.

**{¶ 18}** Judgment affirmed.

RINGLAND and PIPER, JJ., concur.