[Cite as *State v. Casey*, 2018-Ohio-2084.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2017-08-013 |
| | : | O P I N I O N |
| - vs - | | 5/29/2018 |
| | : | |
| LARRY L. CASEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2015-5239

Mike DeWine, Ohio Attorney General, Joel King, Assistant Attorney General, 441 Vine Street, 1600 Carew Tower, Cincinnati, Ohio 45202, for plaintiff-appellee

Larry L. Casey, #A722225, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1}   Defendant-appellant, Larry L. Casey, appeals from a decision of the Clinton County Court of Common Pleas denying his petition for postconviction relief without holding a hearing.  For the reasons set forth below, we affirm the trial court's decision.

{¶ 2}   The underlying facts relevant to appellant's appeal were previously set forth by this court in *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013,

2017-Ohio-790 (hereafter, "*Casey I*") and are as follows:

> On March 25, 2015, the Clinton County Grand Jury returned an indictment charging Casey with failing to notify of his change of address as a Tier III sex offender. Thereafter, on June 22, 2015, the Clinton County Grand Jury returned another indictment charging Casey with five counts of sexual battery, five counts of rape, and one count of unlawful sexual conduct with a minor. With the exception of the one count alleging unlawful sexual conduct with a minor, all of the charges included a sexually violent predator specification. According to the bill of particulars, these charges stemmed from allegations Casey engaged in various sex acts with N.J., both before and after she turned 13 years old.
>
> The matter ultimately proceeded to a four-day jury trial that concluded on January 8, 2016. At trial, N.J., who was then 15 years old, testified to several instances where Casey had sexual intercourse with her both before and after she turned 13. According to N.J.'s testimony, these incidents occurred multiple times between 2009 and 2014 while she was living in both Warren County and Clinton County. Casey denied ever engaging in any sex acts with N.J. Rather, Casey claimed N.J. was lying and that the allegations were all part of a grand conspiracy between N.J. and her father.
>
> After both parties rested, the jury returned a verdict finding Casey guilty of two counts of sexual battery, one count of rape, and for having unlawful sexual conduct with a minor. The jury also found Casey guilty of failing to provide notice of his change of address. After the jury reached its verdict, the trial court held a hearing wherein it classified Casey as a sexually violent predator and sentenced him to serve a mandatory indefinite term of 25 years to life in prison.

*Casey I* at ¶ 2-4.

{¶ 3} Appellant directly appealed his convictions, arguing his trial counsel provided ineffective assistance by (1) failing to object to hearsay testimony, (2) failing to object to unqualified expert testimony, and (3) eliciting testimony that he was in jail at the time of trial. *Casey I* at ¶ 10-14. Appellant also argued his conviction should be reversed as a result of trial counsel's cumulative errors. *Id.* at ¶ 16-17. We found appellant's arguments to be without merit, overruled his assigned errors, and affirmed his convictions. *Id.* at ¶ 18.

{¶ 4} Subsequent to our decision in *Casey I*, appellant moved to reopen his appeal pursuant to App.R. 26(B). Appellant argued his appellate counsel was ineffective for either neglecting to raise or failing to adequately explain trial counsel's ineffective representation as it related to trial counsel's failure to (1) object to hearsay statements, (2) object to the admission of evidence, (3) object to Evid.R. 404(B) evidence, (4) adequately prepare for trial, (5) attempt to negotiate a plea deal, (6) research and develop a theory of defense, and (7) object to improper statements by the prosecutor. Appellant also argued appellate counsel's representation was deficient as appellate counsel failed to challenge the sufficiency and weight of the evidence supporting appellant's convictions. Appellant's application to reopen his appeal was denied by this court on August 10, 2017. *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013 (Aug. 10, 2017) (Entry Denying Application for Reopening). Appellant asked the court to reconsider its denial of his motion and filed a "Motion to Establish Good Cause" to reopen the appeal. His request was denied. *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013 (Nov. 8, 2017) (Entry Denying Motion to Establish Good Cause).

{¶ 5} While seeking to reopen his appeal, appellant also sought postconviction relief in the trial court. On April 3, 2017, appellant, through counsel, filed a Petition for Postconviction Relief and Request for Hearing. In his petition, appellant argued he was denied his constitutional right to effective representation as his trial counsel (1) had limited communication with him, (2) failed to inform he faced a potential life sentence of incarceration, (3) failed to discuss or explain the sexually violent predator specification (hereafter, "SVP specification"), (4) failed to advise him about whether he should accept a plea offer by the state, (5) elicited the fact that appellant was incarcerated during trial and failed to request a curative jury instruction, (6) applied a flawed trial strategy, and (7) failed to object to or seek to limit or restrict the state's use of Evid.R. 404(B) evidence. Attached to

appellant's petition was his own affidavit and the affidavit of an independent defense attorney. The defense attorney attested that he considered himself to be an "ordinary trial counsel," he had read appellant's trial transcripts, and he found "[t]rial counsel's strategy * * * was so outside the realm of legitimate trial strategy [that he] scoffed upon reading it." In his own affidavit, appellant averred, in relevant part, as follows:

> 5. Prior to trial, trial counsel communicated with me no more than three (3) times for a total of no more than forty-five (45) minutes.
>
> 6. Trial counsel did not inform me I was facing a potential penalty of a life term in prison.
>
> 7. Trial counsel did not discuss with or explain to me the sexually violent offender specification * * * or its potential consequences.
>
> 8. Trial counsel never advised me whether or not I should accept the State of Ohio's offer or if I should present my case to trial.
>
> 9. Trial counsel did not inform me I was testifying at trial until approximately five (5) minutes before taking the witness stand.
>
> * * *
>
> 12. I did not know of trial counsel's trial strategy nor did I agree with it.

{¶ 6} The state filed a memorandum in opposition to appellant's petition for postconviction relief and moved for summary judgment on the petition pursuant to R.C. 2953.21(E). The state argued that the majority of appellant's claims were bared by the doctrine of res judicata, as they were either raised and addressed on appellant's direct appeal in *Casey I* or were capable of being raised on direct appeal. As for those claims that were not barred by res judicata, the state argued the record of proceedings contradicted the assertions set forth in appellant's petition and his self-serving affidavit.

{¶ 7} On July 17, 2017, the trial court dismissed appellant's petition for postconviction relief without holding a hearing after determining substantive grounds for relief had not been demonstrated. The trial court concluded that the majority of appellant's claims were barred

by res judicata. As for those claims not barred by res judicata, the court found that the record did not support appellant's claims of ineffective assistance of counsel.

{¶ 8} Appellant appealed, pro se, raising three assignments of error.[1]

{¶ 9} Assignment of Error No. 1:

{¶ 10} APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS COMPORTING WITH THE FOURTEENTH AMENDMENT WHEN THE TRIAL COURT JUDGE ABUSED HIS DISCRETION AND DISMISSED THE PETITION FOR POSTCONVICTION RELIEF.

{¶ 11} In his first assignment of error, appellant argues the trial court erred in dismissing his petition for postconviction relief without holding an evidentiary hearing as his affidavit and the affidavit of the independent defense attorney set forth sufficient operative facts to establish substantive grounds for relief. Specifically, appellant argues the record of proceedings combined with the information set forth in the affidavits demonstrates trial counsel made numerous mistakes leading up to and during trial, failed to sufficiently prepare for trial, and employed a strategy that was "outside the realm of [a] legitimate trial strategy." Appellant contends trial counsel's errors prejudiced his right to a fair trial.

{¶ 12} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham,* 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8; *State v. Calhoun,* 86 Ohio

---

1. We note that appellant has attached as exhibits to his appellate brief letters and affidavits that were obtained subsequent to the filing of his petition for postconviction relief and the trial court's dismissal of said petition. These letters and affidavits, which seek to further explain and describe trial counsel's alleged deficient representation, do not appear in the trial court record. Pursuant to App.R. 9(A)(1), "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." An appellate court "is confined to the record, and cannot consider evidence offered for the first time on appeal." *State v. Garr*, 12th Dist. Butler No. CA2009-01-014, 2009-Ohio-6241, ¶ 23. Therefore, as the letters and affidavits do not appear in the trial court record, they are not properly before us and will not be considered on appeal.

St.3d 279, 281 (1999). Postconviction relief petitions are governed by R.C. 2953.21, which states, in pertinent part, that

> [a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶ 13} Initial petitions for postconviction relief under R.C. 2953.21 may be resolved in one of three ways. The trial court may (1) summarily dismiss the petition without holding an evidentiary hearing pursuant to R.C. 2953.21(D), (2) grant summary judgment on the petition to either party who moved for summary judgment pursuant to R.C. 2953.21(E), or (3) hold an evidentiary hearing on the issues raised by the petition pursuant to R.C. 2953.21(F). *State v. Statzer*, 12th Dist. Butler CA2017-02-022, 2018-Ohio-363, ¶ 12; *State v. McKelton*, 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228, ¶ 9.

{¶ 14} "An evidentiary hearing is not automatically guaranteed each time a defendant makes a petition for postconviction relief." *State v. Vore,* 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11. A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Blankenburg,* 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 9. *See also* R.C. 2953.21(D).

{¶ 15} Furthermore, a petition for postconviction relief may be dismissed without an

evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.) *Id.* at paragraph nine of the syllabus. Res judicata bars a petitioner from "re-packaging" evidence or issues that either were or could have been raised in trial or on direct appeal. *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20.

{¶ 16} The presentation of competent, relevant, and material evidence outside the trial record may defeat the application of res judicata. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). Where a petitioner argues ineffective assistance of counsel through a postconviction relief motion, the petitioner can avoid the bar of res judicata by submitting evidence outside the record on appeal that demonstrates that the petitioner could not have raised the claim based on information in the original record. *Id.* However, "'[e]vidence presented outside the record must meet some threshold standard of cogency.'" *Statzer*, 2018-Ohio-363 at ¶ 16, quoting *Lawson* at 315. If it does not meet this threshold, a petitioner could overcome res judicata "'by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypotheses and a desire for further discovery.'" *Lawson* at 315, quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485, *21 (Mar. 17, 1993).

{¶ 17} A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing is left to the sound discretion of the trial court. *McKelton*, 2015-Ohio-4228 at ¶ 11. The term "abuse of discretion" connotes more than an error of law

or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Statzer*, 2018-Ohio-363 at ¶ 14.

{¶ 18} Where the basis of a petition for postconviction relief is a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's actions were outside the wide range of professionally competent assistance, and that prejudice resulted by reason of counsel's actions. *State v. Martin*, 12th Dist. Warren Nos. CA2003-06-065 and CA2003-06-066, 2004-Ohio-702, ¶ 12, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To show prejudice, a defendant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Wilson,* 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 17, quoting *Strickland* at 694.

### Res Judicata: Testimony of Incarceration, Curative Instruction, and 404(B) Evidence

{¶ 19} In the present case, we find no error in the trial court's decision to dismiss appellant's petition for postconviction relief without holding an evidentiary hearing. Many of the claims appellant set forth in his petition for postconviction relief are barred by the doctrine of res judicata, as they were either raised on direct appeal in *Casey I*, 2017-Ohio-790, or could have been raised on direct appeal. For instance, this court already addressed appellant's complaints that his trial counsel was deficient for eliciting testimony that he was incarcerated during trial and for not seeking a curative instruction for the same. We found these arguments to be without merit. *See Casey I* at ¶ 13. Appellant is therefore barred by the doctrine of res judicata from raising and litigating these issues in his postconviction proceedings.

{¶ 20} The doctrine of res judicata also bars review of appellant's Evid.R. 404(B) claim. Whether trial counsel was ineffective for not objecting to or seeking to restrict the

- 8 -

state's use of evidence that appellant previously sexually assaulted a minor was an issue capable of being raised on direct appeal as resolution of the issue does not require or involve evidence outside of the trial court record. The claim is therefore barred by res judicata. *See Perry,* 10 Ohio St.2d at 180.

### SVP Specification and Life Sentence of Incarceration

{¶ 21} Appellant's argument that he is entitled to postconviction relief due to trial counsel's failure to explain or discuss the SVP specification and counsel's failure to inform appellant that he faced a life term of incarceration if convicted of rape with the specification are without merit. Even accepting as true appellant's contentions that his trial counsel failed to discuss the SVP specification and failed to inform him of the potential penalty he faced if convicted, appellant is unable to demonstrate he was prejudiced by these alleged deficiencies. The record supports the trial court's finding that it advised appellant about the nature and severity of the charges he faced, including the SVP specification, as well as the potential sentences that accompanied the charges. On the eve of trial, the court continued to advise appellant of the penalties he faced if convicted, stating:

> THE COURT: [I]f [appellant] is found guilty of some of the charges we are looking at a mandatory life in prison no discretion of the Court, no possibility of parole. So we are taking about essentially if [appellant] is convicted, he would spend the rest of his life in prison.
>
> * * *
>
> Okay, and your understanding [is] that if you are convicted of some of these crimes, uh the Court has no discretion in terms of the sentence; if you are found guilty you will be basically be sent to prison for life without the possibility of being released.
>
> [Appellant]: Yeah.
>
> THE COURT: Are you prepared to go forward with this?
>
> [Appellant]: Yes, Your Honor, I am.

{¶ 22}   As appellant was advised of the SVP specification and of the fact that he faced a sentence of life in prison if convicted, he cannot establish the prejudice prong of *Strickland*. His claims, therefore, fail.  *See State v. Childs*, 12th Dist. Butler No. CA2009-03-076, 2010-Ohio-1814, ¶ 49 (noting that the failure to satisfy either the "performance" or "prejudice" prong of *Strickland* is fatal to an ineffective assistance of counsel claim).

### Discussion of Plea Offer

{¶ 23}   Appellant's argument that he is entitled to postconviction relief due to trial counsel's failure to advise him on whether or not he should accept a plea offered by the state also fails.  Pursuant to the offered plea, if appellant pled guilty to multiple rape charges, the state would have dismissed the remaining charges and recommended an 18-year sentence, rather than the mandatory indefinite sentence of 25 years to life in prison.  Appellant rejected the plea offer.  In his affidavit in support of his petition for postconviction relief, appellant asserted that "[t]rial counsel never advised me whether or not I should [have] accept[ed] the State of Ohio's offer or if I should [have] present[ed] my case to trial."

{¶ 24}   To establish ineffective assistance of counsel occurring during plea negotiations, a defendant who did not accept a plea offer must show not only deficient representation but also that there is a reasonable probability that (1) the defendant would have accepted the plea offer, (2) the offer would not have been withdrawn and would have been accepted by the trial court, and (3) that the conviction or sentence, or both, under the plea would have been more favorable to the defendant.  *Lafler v. Cooper*, 566 U.S. 156, 164, 132 S.Ct. 1376 (2012).

{¶ 25}   The record demonstrates that the state's proposed plea deal was communicated to appellant and appellant spoke with counsel about the plea offer.  Appellant rejected the offer, and trial counsel noted on the record, that

> [i]n all my discussions with Mr. Casey, I can assure the Court that

Mr. Casey does understand the gravity of the situation and he understands what the potential penalties are. His position from the beginning is that he would not plea[d] to something that he did not do. Obviously, his constitutional presumption is that he is innocent. Uh, he is maintaining that, doesn't see the need to plead guilty to anything, any lesser type of charge or anything that is negotiated with lesser time because he doesn't believe that he committed any of these acts. Uh, we have discussed that and for that reason there was no counteroffer.

**{¶ 26}** The record further demonstrates that the court discussed the plea offer with appellant. After appellant rejected the plea offer, the court asked appellant, "[A]nd there have been no, after discussing with your attorney there is no counter proposals that you instructed him to make in terms of trying to resolve this case?" Appellant responded, "That is correct, Your Honor."

**{¶ 27}** Although appellant believes trial counsel should have done more when communicating the plea offer to him, appellant cannot establish that he would have accepted the advice offered by counsel or that the trial court would have accepted the plea offer, even if jointly presented by the parties. Appellant, therefore, cannot establish a claim of ineffective assistance of counsel as it relates to the plea offer. *See State v. Burton*, 8th Dist. Cuyahoga No. 100716, 2014-Ohio-4207, ¶ 13 (rejecting a claim of ineffective assistance of counsel for the alleged failure to advise the defendant to accept an offered plea where the record indicated the defendant was "not interested" in accepting a plea bargain).

**Preparation for Trial, Limited Communication, and Trial Strategy**

**{¶ 28}** Appellant also contends trial counsel was ineffective for failing to sufficiently prepare for trial, for only meeting with him "three (3) times for a total of no more than forty-five (45) minutes," for not giving him advance notice that he would be called in his own defense at trial, for not discussing the nature of his testimony or the "benefits and detriments" of testifying on one's own behalf, and for applying a "flawed trial strategy." Appellant supported these contention with his own affidavit and the affidavit of an independent defense

- 11 -

attorney who reviewed the record of the trial proceedings.

{¶ 29} Where a petitioner attaches affidavits in support of his petition for postconviction relief, the trial court "should give due deference to [the] affidavits sworn to under oath * * * but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *Calhoun*, 86 Ohio St.3d at 284. In determining the credibility, or lack thereof, of affidavits submitted in support of a petition for postconviction relief, a court should consider

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* at 285. "Depending on the entire record, one or more of these factors or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." *Id.*

{¶ 30} In the present case, the same judge who presided over the trial also reviewed appellant's petition for postconviction relief. Therefore, though appellant claimed to have only met with his attorney on three occasions in the six months that elapsed between trial counsel being appointed and the case proceeding to trial, the court had knowledge of the multiple pretrial hearings at which appellant appeared with his counsel. The court also had knowledge of efforts counsel had taken to represent his client and to prepare for trial, including opposing the state's motion to consolidate the cases for trial, requesting a bill of particulars, and seeking to have statements the victim made to a children services' agency turned over in discovery. The record, therefore, contradicts appellant's self-serving affidavit and demonstrates trial counsel took substantial steps to investigate the case and prepare for

trial. *See, e.g., State v. King*, 12th Dist. Butler Nos. CA2013-11-199 and CA2014-06-138, 2014-Ohio-5393, ¶ 19 (finding a defendant's claim that trial counsel was unprepared for trial was not supported by the record where counsel filed a bill of particulars, demanded discovery, and sought leave to file a motion to suppress).

**{¶ 31}** The record further contradicts appellant's statement that trial counsel failed to discuss with him whether or not he should take the stand in his own defense. At trial, appellant specifically stated he and trial counsel had discussed this issue. Prior to appellant testifying, the following discussion was held:

> [Trial Counsel]: Your Honor, I believe when we return, Mr. Larry Casey himself wants to take the stand and testify on his own behalf.
>
> THE COURT: Okay. Mr. Casey, I don't often do this when a Defendant indicates that he or she would like to testify, but I'm going to at least advise you. You know, you do have a right to remain silent. Anything you say obviously here in court could be used against you, and you are presumed innocent of any wrongdoing, and there is no requirement that you take the stand and testify. If you do take the stand, you must answer questions of the State of Ohio's prosecutor truthfully, do you understand that?
>
> [Appellant]: I do, Your Honor.
>
> *THE COURT: Have you gone over this issue as to whether or not you should testify and give up your right to remain silent with you attorney?*
>
> *[Appellant]: Yes, sir, I have.*
>
> *THE COURT: And after conferring [with] him, and talking to him, uh, it is your intention to testify in this case?*
>
> *[Appellant]: That's correct, Your Honor.*

(Emphasis added.)

**{¶ 32}** Given the foregoing, it is clear that appellant did discuss the issue of testifying at trial with his attorney and that he was apprised of the "detriments" of testifying on his own

behalf. Trial counsel was not deficient merely because appellant chose to testify on his own behalf. *See, e.g., State v. Ryan*, 6th Dist. Wood No. WD-05-064, 2006-Ohio-5120, ¶ 23-24 (noting that "whether or not a defendant testifies is a purely tactical decision" and that the "ultimate decision of whether a defendant will testify on his own behalf is the defendant's"). *See also State v. Bey*, 85 Ohio St.3d 487, 499 (1999) (noting that a defendant's right to testify or not testify on his own behalf is a personal right that only the defendant can waive). Appellant's arguments that counsel provided ineffective assistance for not communicating with him or not adequately preparing for trial are, therefore, without merit.

{¶ 33} As for appellant's claim that trial counsel applied a "flawed trial strategy," in his defense of appellant, we note that "[t]he decision regarding which defense to pursue at trial is a matter of trial strategy, and trial strategy decisions are not the basis of a finding of ineffective assistance of counsel." *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 43. Although appellant submitted an affidavit by a defense attorney who stated he found trial counsel's strategy "so outside the realm of legitimate trial strategy [that he] scoffed upon reading it," the defense attorney did not specifically identify any alleged errors or flaws in trial counsel's strategy. Rather than identifying specific instances where trial counsel's arguments or strategies fell below the wide range of professionally competent assistance, the defense attorney used broad, general, and conclusory language in his affidavit to note his disagreement with trial counsel's strategy. The defense attorney's affidavit, therefore, does not provide support for appellant's claim of ineffective assistance of counsel.

{¶ 34} Moreover, as the trial court noted when it rejected appellant's ineffective assistance claim, "[t]he fact that another defense attorney may have employed a different approach does not mean the alternative strategy fell below an objective standard of reasonableness." "[T]here is a strong presumption that counsel has rendered adequate

- 14 -

assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Rowley*, 12th Dist. Clinton No. CA2016-10-019, 2017-Ohio-5850, ¶ 62, citing *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. Here, the strategy employed by trial counsel resulted in the jury finding appellant not guilty on two counts of rape and two counts of sexual battery. The fact that trial counsel's defense strategy was unsuccessful as to other counts in the indictment does not mean counsel's representation amounted to ineffective assistance. *See State v. Murphy*, 12th Dist. Butler No. CA2009-05-128, 2009-Ohio-6745, ¶ 43 ("the fact that the trial strategy was ultimately unsuccessful or that there was another possible and better strategy available does not amount to ineffective assistance of counsel").

{¶ 35} Accordingly, for the reasons stated above, we conclude that the trial court did not abuse its discretion in dismissing appellant's petition for postconviction relief without holding an evidentiary hearing. Appellant's petition and the affidavits submitted in support of said petition failed to contain sufficient operative facts to demonstrate a claim of ineffective assistance of counsel. Appellant's first assignment of error is, therefore, overruled.

{¶ 36} Assignment of Error No. 2:

{¶ 37} APPELLANT WAS DENIED HIS FOURTEENTH AMENDMENT CONSTITUTIONAL DUE PROCESS RIGHTS WHEN HIS TRIAL COURT JUDGE DID NOT RECUSE HIMSELF FROM THE POSTCONVICTION PROCEEDINGS AFTER INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WERE RAISED AGAIN[ST] THE TRIAL ATTORNEY HE HAD RECOMMENDED.

{¶ 38} In his second assignment of error, appellant argues the trial court judge erred by not recusing himself from the postconviction relief proceedings because the judge "recommended to [a]ppellant that he have [trial counsel] assigned to represent him." Appellant contends that the judge was therefore "biased towards any proceedings which

attacked the effectiveness" of trial counsel.

{¶ 39} "It is well settled that a judge who presided at trial will not be disqualified from hearing a petition for postconviction relief in the absence of evidence of bias, prejudice, or a disqualifying interest." *In re Disqualification of Nastoff*, 134 Ohio St.3d 1232, 2012-Ohio-6339, ¶ 9. In the present case, appellant did not seek to have Judge John W. Rudduck disqualified from proceeding over his petition for postconviction relief, as is permitted by R.C. 2701.03. Rather, appellant waited until his motion for postconviction relief was denied to argue – for the first time on appeal – that Judge Rudduck should have recused himself from the case as he was "biased."

{¶ 40} We find no evidence in the record to support appellant's assertion that Judge Rudduck personally "recommended" appellant's trial counsel or that the judge was biased in reviewing and ruling on the petition for postconviction relief. The record reveals that appellant's trial counsel was *appointed by a magistrate* on June 26, 2015 after appellant indicated he was indigent and unable to obtain his own representation. Therefore, contrary to appellant's assertions, Judge Rudduck did not personally recommend trial counsel and he did not have a disqualifying interest in determining the merits of the petition for postconviction relief. Judge Rudduck was not required to sua sponte recuse himself from proceeding over the petition for postconviction relief.

{¶ 41} Appellant's second assignment of error is, therefore, overruled.

{¶ 42} Assignment of Error No. 3:

{¶ 43} APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL COMPORTING WITH THE SIXTH AND FOURTEENTH AMENDMENT.

{¶ 44} In his third assignment of error, appellant argues he received ineffective assistance by his "appellate counsel," who in addition to representing appellant on his direct

appeal in *Casey I* also filed appellant's petition for postconviction relief. Appellant argues his appellate counsel was ineffective for (1) "failing to better argue that trial counsel was ineffective for failing to competently implement a coherent trial strategy," (2) failing to prepare an adequate strategy, (3) failing to argue that his trial counsel was ineffective for not interviewing witnesses, and (4) failing to raise a *Brady* claim.

{¶ 45} To the extent that appellant is seeking to challenge the representation he received by his appellate counsel while on direct appeal in *Casey I*, we find that his arguments are not properly before us. The proper vehicle to raise the issue of ineffective assistance of appellate counsel is through an application to reopen the appeal made pursuant to App.R. 26(B). *See State v. Teets*, 4th Dist. Pickaway No. 15CA31, 2016-Ohio-7274, ¶ 16. Appellant previously sought to reopen his appeal to raise the issue of ineffective assistance of appellate counsel, and this court denied his request. S*ee State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013 (Aug. 10, 2017) (Entry Denying Application for Reopening) and *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013 (Nov. 8, 2017) (Entry Denying Motion to Establish Good Cause). Appellant cannot circumvent our denial of his application to reopen his appeal by now raising arguments relating to appellate counsel's alleged deficiencies on direct appeal.

{¶ 46} As for appellant's arguments that his appellate counsel provided ineffective representation as it related to the filing of his petition for postconviction relief, we note that the right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution "does not extend to state postconviction relief proceedings." *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, ¶ 31. *See also State v. Wesson*, 9th Dist. Summit No. 28412, 2018-Ohio-834, ¶ 10 ("there is no constitutional right to the effective assistance of post-conviction counsel"); *State v. Brown*, 7th Dist. Mahoning No. 01 CA 229, 2003-Ohio-3551, ¶ 12 (finding the right to effective assistance of counsel "does

not extend to civil post-conviction relief proceedings").

**{¶ 47}** In *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546 (1991), the United States Supreme Court recognized that as "[t]here is no constitutional right to an attorney in state post-conviction proceedings * * * a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." The Supreme Court later recognized a "narrow exception" to this general rule. In *Martinez v. Ryan*, 566 U.S. 1, 17, 132 S.Ct. 1309 (2012), the Court held that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

**{¶ 48}** To the extent that appellant relies on *Martinez* to support his claim of ineffective assistance of his postconviction counsel, we note that *Martinez* "address[es] ineffective assistance in the context of what may constitute cause to excuse a procedural default in a federal habeas case." *Wesson*, 2018-Ohio-834 at ¶ 10. It does not affect our analysis under Ohio's statutory postconviction procedures. *See id.*, citing *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 104 ("*Martinez* is directed toward federal habeas proceedings and is intended to address issues that arise in that context"). *See also State v. Waddy*, 10th Dist. Franklin No. 15AP-397, 2016-Ohio-4911, ¶ 63 (recognizing that the procedural default doctrine discussed in *Martinez*, "while applicable to federal habeas corpus proceedings, does not apply to state post-conviction relief proceedings"); *State v. Boles*, 12th Dist. Brown No. CA2016-07-014, 2017-Ohio-786, ¶ 23-31.

**{¶ 49}** Accordingly, as the right to effective assistance of counsel does not extend to state postconviction relief proceedings, appellant cannot maintain a claim of constitutionally ineffective assistance by his postconviction counsel. Appellant's arguments are without merit

and his third assignment of error is, therefore, overruled.

{¶ 50} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.