[Cite as *State v. Wallace*, 2022-Ohio-2616.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-017 |
| | : | O P I N I O N |
| - vs - | | 8/1/2022 |
| | : | |
| WILLIAM WALLACE, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2016-2065

Zac Corbin, Brown County Prosecuting Attorney, and Mary McMullen, Assistant Prosecuting Attorney, for appellee.

William Wallace, Jr., pro se.

**S. POWELL, J.**

{¶ 1} Appellant, William Wallace, Jr., appeals the decision of the Brown County Court of Common Pleas denying his Crim.R. 16 motion for discovery and request to unseal alleged "exculpatory evidence" previously submitted to the trial court for in camera inspection prior to the 2017 jury trial that resulted in him being found guilty and sentenced

to life in prison without the possibility of parole on two counts of rape, one count of unlawful sexual conduct with a minor, two counts of gross sexual imposition, and two counts of importuning. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} In 2017, Wallace was found guilty of the seven above-named offenses and sentenced to life in prison without the possibility of parole after it was discovered he had been sexually abusing two minor children, sisters, K.W. and A.W. Wallace appealed his conviction, as well as the trial court's denial of his motion for a new trial, and this court affirmed. *State v. Wallace*, 12th Dist. Brown Nos. CA2017-09-011 and CA2017-11-014, 2019-Ohio-442, discretionary appeal not allowed, 156 Ohio St.3d 1406, 2019-Ohio-2261.

{¶ 3} In 2021, Wallace filed a Crim.R. 16 motion for discovery and request to unseal alleged "exculpatory evidence" previously submitted to the trial court for in camera inspection prior to his 2017 jury trial. The trial court issued a decision denying Wallace's motion on November 3, 2021. In so holding, the trial court stated, in pertinent part, the following:

> The Defendant filed a motion for discovery under Rule 16 of the Ohio Rules of Criminal Procedure. * * * The Defendant has previously filed a direct appeal, a motion for a new trial, and a motion for post-conviction relief. All were denied and all appeals were resolved in favor of the State. All discovery was supplied to Defendant's counsel before trial. Any issues regarding discovery should have been raised previously either by motion or on appeal.

{¶ 4} On December 6, 2021, Wallace filed a timely notice of appeal. Wallace's appeal now properly before this court for decision, Wallace has raised the following two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT ABUSED [ITS] DISCRETION BY NOT RELEASING SEALED DOCUMENTS THAT WOULD HAVE EXONERATE[D] THIS DEFENDANT, UNDER DUE

PROCESS OF LAW, 5TH, 14TH AMENDMENT, AND ART.1, SECTION 10 OF THE OHIO CONSTITUTION, CRIM.R. 16.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE COURT ABUSED [ITS] DISCRETION BY NOT RELEASING THE SEALED DOCUMENT THAT WAS EXCULPATORY IN NATURE, AND THIS VIOLATED THE DUE PROCESS OF THE LAW, WHEREAS, THE COURT SUPPRESSION OF EXCULPATORY EVIDENCE, THIS VIOLATED THE BRADY STANDARD, AND 5TH, 14TH, AND ART. I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 9} In his two assignments of error, Wallace argues the trial court erred by denying his Crim.R. 16 motion for discovery and request to unseal alleged "exculpatory evidence" previously submitted to the trial court for in camera inspection prior to his 2017 jury trial. Although not particularly clear, it appears Wallace is arguing the trial court erred by finding that the victims' records received from Child Focus Community Mental Health did not contain any *Brady* material that needed to be disclosed to Wallace before trial.[1]

{¶ 10} Wallace's argument is barred by the doctrine of res judicata. "'Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 48, quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). "Res judicata bars a petitioner from 're-packaging' evidence or issues that either were or could have been raised in trial or on direct appeal."

---

1. The term "*Brady* material" refers to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), a case in which the United States Supreme Court held that prosecutors have a duty to disclose potentially exculpatory evidence to criminal defendants.

*State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 15, citing *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20. The doctrine of res judicata "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶ 11} In light of the foregoing, and because Wallace could have challenged the trial court's July 5, 2017 decision to seal K.W.'s and A.W.'s records as part of his direct appeal to this court, the trial court did not err by denying Wallace's Crim.R. 16 motion for discovery and request to unseal those records upon finding "[a]ny issues regarding discovery should have been raised previously either by motion or on appeal." Therefore, finding no merit to any of the arguments raised by Wallace herein, Wallace's two assignments of error lack merit and are overruled.

{¶ 12} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.