[Cite as *State v. Casey*, 2022-Ohio-3100.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2022-03-007 |
| Appellee, | : | O P I N I O N<br>9/6/2022 |
|  | : |  |
| - vs - |  |  |
|  | : |  |
| LARRY L. CASEY, | : |  |
| Appellant. | : |  |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2015-5239


Andrew W. McCoy, Clinton County Prosecuting Attorney, and Robert C. Logsdon, Assistant Prosecuting Attorney, for appellee.

Larry L. Casey, pro se.


**M. POWELL, P.J.**

{¶ 1} Appellant, Larry Casey, appeals the denial of his Civ.R. 60(B) motion by the Clinton County Court of Common Pleas.[1] For reasons discussed below, we affirm the trial court's denial.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

{¶ 2} Following a four-day jury trial concluding January 8, 2016, Casey was found guilty of four criminal counts, including first-degree felony rape in violation of R.C. 2907.02(A)(1)(b), with a special finding that the victim was less than thirteen years of age; and second-degree felony unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), with a special finding that he was at least four years older than the victim and had previously been convicted of violating R.C. 2907.03. After merging certain convictions as allied offenses of similar import, the trial court sentenced Casey to a mandatory minimum term of 25 years in prison for rape, and a concurrent term of seven years for unlawful sexual conduct with a minor.

{¶ 3} Casey directly appealed his convictions, arguing his trial counsel provided ineffective assistance by (1) failing to object to hearsay testimony, (2) failing to object to unqualified expert testimony, and (3) eliciting testimony that he was in jail at the time of trial. Casey also argued his conviction should be reversed as a result of trial counsel's cumulative errors. By opinion of March 6, 2017, we found Casey's arguments to be without merit, overruled his assigned errors, and affirmed his convictions. *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013, 2017-Ohio-790 ("*Casey I*").

{¶ 4} Subsequent to our decision in *Casey I*, Casey moved to reopen his appeal pursuant to App.R. 26(B). He argued that his appellate counsel was ineffective for either neglecting to raise or failing to adequately explain trial counsel's ineffective representation as it related to trial counsel's failure to (1) object to hearsay statements, (2) object to the admission of evidence, (3) object to Evid.R. 404(B) evidence, (4) adequately prepare for trial, (5) attempt to negotiate a plea deal, (6) research and develop a theory of defense, and (7) object to improper statements by the prosecutor. Casey also argued that appellate counsel's representation was deficient as appellate counsel failed to challenge the sufficiency and weight of the evidence supporting Casey's convictions. Casey's application

to reopen his appeal was denied by this court on August 10, 2017. *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013 (Aug. 10, 2017) (Entry Denying Application for Reopening). He next asked the court to reconsider its denial of his motion and filed a "Motion to Establish Good Cause" to reopen the appeal. This request was also denied. *State v. Casey*, 12th Dist. Clinton Nos. CA2016-01-001 and CA2016-06-013 (Nov. 8, 2017) (Entry Denying Motion to Establish Good Cause).

{¶ 5} On April 3, 2017, Casey filed a petition for postconviction relief. In his petition, Casey argued he was denied his constitutional right to effective representation as his trial counsel (1) had limited communication with him, (2) failed to inform him that he faced a potential life sentence of incarceration, (3) failed to discuss or explain the sexually violent predator specification, (4) failed to advise him about whether he should accept a plea offer by the state, (5) elicited the fact that he was incarcerated during trial and failed to request a curative jury instruction, (6) applied a flawed trial strategy, and (7) failed to object to or seek to limit or restrict the state's use of Evid.R. 404(B) evidence. On July 17, 2017, the trial court denied Casey's petition without a hearing. Casey appealed the denial of his petition for postconviction relief to this court. By opinion of May 29, 2018, we affirmed the denial of Casey's petition for postconviction relief. *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084 ("*Casey II*").

{¶ 6} On December 9, 2021, Casey filed a motion for a new trial pursuant to Crim.R. 33(A)(2) and Crim.R. 33(B). In his motion, Casey claimed that (1) "false testimony was coming from the accuser Mrs. Jamason who was promised by her family members that if she testified against the defendant she would receive financial gains so the defendant's alleged victim had a serious motive to provide false testimony for the prosecution"; and (2) that

- 3 -

[I]t has been discovered through a new witness that the alleged victim was paid by a family member or members to make false allegations against the defendant, [and] that this said defense witness was threatened not to testify by this same family in which [*sic*] paid the alleged victim to falsely accuse the defendant of the charges in the first place.

{¶ 7} Casey's new trial motion was supported only by his own affidavit in which he averred that "a recording exist[s] that my witness while talking on the phone explained to me that the only reason he did not testify in my case was because he had been threatened by the all[e]ged victim['s] family."

{¶ 8} The trial court denied Casey's motion for a new trial, without a hearing, by Decision and Judgment of February 7, 2022. In denying the motion, the trial court observed that

[Casey] does not name the alleged witness; does not identify the alleged parties threatening the alleged witness; does not identify what the "false allegations" the alleged witness made and to whom; and, does not even proffer what facts the alleged witness would have presented to change the jury's verdicts had the witness been called to the stand.

{¶ 9} On February 24, 2022, Casey filed a Civ.R. 60(B) motion for relief from the trial court's judgment denying his motion for a new trial. Casey's brief included the affidavits of Libby Patrick, Star Burns, and Jeaneen Casey. Patrick averred in her affidavit that her cousin's daughter, Casey Jones, told her at a November 2017 family gathering that Casey's victim had told Jones that she had "set [Casey] up." Patrick also averred that a man named Marshall Chapman told her via Facebook Messenger that the victim's paternal uncle confessed to him that Casey had been set up and that the uncle and the victim's father had given the victim "money and a cell phone" to falsely accuse Casey. Burns averred that the victim "did not like" Casey and wanted to "get [him] in trouble," and that she heard the victim's father state that he "wanted to get [Casey] away from [the victim's mom]." Jeaneen Casey averred that the victim and her father had conspired to find a way to get Casey out

- 4 -

of Jeaneen's life so that the victim's father "could get back together with [her],"and that the victim's father wanted to "get revenge on [Casey] for 'taking [Jeaneen] away from him.'" None of these affidavits were before the trial court or are properly a part of the record on appeal.

{¶ 10} The trial court denied Casey's Civ.R. 60(B) motion in a Decision and Judgment of February 28, 2022. Casey filed a notice of appeal on March 15, 2022. The notice of appeal references the trial court's February 28, 2022 Decision and Judgment, which denied the Civ.R. 60(B) motion, as the order from which the appeal is taken. Casey raised a single assignment of error.

{¶ 11} THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IGNORING THE GUARANTEE OF EQUAL PROTECTION.

{¶ 12} Casey argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment, which he filed in an attempt to have the trial court reconsider its denial of his motion for a new trial. Casey's brief cites a plethora of irrelevant case law in support of his arguments. For reasons addressed below, we find Casey's arguments unpersuasive.[2]

{¶ 13} Crim.R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." "The Ohio Supreme Court definitively declared that 'the plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil

---

2. Casey's assignment of error asserts a denial of equal protection. However, his argument is addressed exclusively to the denial of his motion for a new trial and makes no argument as to how he was denied equal protection of the law. Therefore, we will not speculate as to the particulars of Casey's equal protection claim or otherwise address it. "The court may disregard an assignment of error presented for review if the party raising it *** fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).

Procedure for guidance when no applicable Rule of Criminal Procedure exists.'" *State v. Strunk*, 12th Dist. Butler No. CA2010-09-085, 2011-Ohio-417, ¶ 8, quoting *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 10. We must consider whether Casey was justified in resorting to Civ.R. 60(B) in the present matter. This inquiry would be answered in the affirmative if the Ohio Rules of Criminal Procedure failed to provide a mechanism by which Casey could raise his argument based on the discovery of new evidence. *See id.* at ¶ 9.

{¶ 14} Casey's initial motion for a new trial was brought pursuant to Crim.R. 33(A)(2) and (B). In relevant part, Crim.R. 33(A)(2) provides that "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: * * * Misconduct of the jury, prosecuting attorney, or the witnesses for the state * * * ." Crim.R. 33(B) provides that

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

The crux of Casey's argument is that he would not have been convicted but for the victim's false testimony and therefore is entitled to a new trial. However, in his motion and the

attached affidavit, he presented no evidence to support this claim beyond unsubstantiated hearsay. As such, the trial court properly denied the motion for a new trial.

{¶ 15} Since there is no error in the underlying proceedings and Casey is not entitled to any relief, we find the trial court did not err by denying the motion for relief from judgment under Civ.R. 60(B). *State v. Kwambana*, 12th Dist. Clermont No. CA2018-10-074, 2019-Ohio-1197, ¶ 12. It is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim.R. 57(B) intends, because a procedure "specifically prescribed by rule" exists, i.e., Crim.R. 33. *Schlee* at ¶ 12. Simply put, there is no void in the criminal rules requiring the invocation of the civil rules because avenues of relief were available to Casey by resort to Crim.R. 33 (motion for a new trial) and Crim.R. 35 (petition for postconviction relief). *See* Crim.R. 57(B). As such, Casey ought to have appealed the trial court's Decision and Judgment of February 7, 2022, rather than bring a Civ.R. 60(B) motion and appeal its subsequent denial.

{¶ 16} While disposing of a pro se petition on procedural grounds may appear harsh, it is the well-settled precedent of this court that "[a] pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *State v. Williams*, 12th Dist. Clermont Nos. CA2018-09-069 and CA2018-09-070, 2019-Ohio-1835, ¶ 5, fn.2. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *State v. Myers*, 12th Dist. Madison No. CA2019-01-003, 2020-Ohio-59, ¶ 22.

{¶ 17} Nevertheless, even if we were to address the arguments raised in Casey's Civ.R. 60(B) motion on the merits, the result would be the same. In his brief in support of his Civ.R. 60(B) motion, Casey argues that (1) the trial court "committed plain and prejudicial error when it dismissed the case only [seven] days after the state filed its motion in opposition to defendant's request seeking leave to file a delayed motion for new trial,

without providing defendant with an opportunity to reply" and, (2) had he had an opportunity to reply, Casey would have submitted his evidence at that time.

**{¶ 18}** This argument is defective for multiple reasons.[3] A motion for a new trial brought pursuant to Crim.R. 33(A)(2) "must be sustained by affidavit showing [its] truth * * * ." Crim.R.33(C). The Rules of Criminal Procedure require that a motion for a new trial on the basis of witness misconduct be facially complete. A reply to the state's response to his motion was not the appropriate vehicle for submitting affidavits to sustain the underlying motion. Casey's contention in his Civ.R. 60(B) motion that he did not have the affidavits he would later submit alongside that motion is unpersuasive. Casey was convicted of these offenses in January 2016; he was the one who brought the motion for a new trial and therefore the one who initiated and controlled the timeline of the current proceedings. If he did not have the required documentation, he should have waited before filing the initial motion for a new trial.

**{¶ 19}** Casey attempted to use his Civ.R. 60(B) motion as a collateral challenge to trial court's ruling denying him a new trial, or else as a motion for reconsideration. Neither of these are appropriate uses of a Civ.R. 60(B) motion. *See Tedrick v. Tedrick*, 12th Dist. Clermont No. CA2015-07-065, 2016-Ohio-1488, ¶ 25 ("Civ.R. 60[B] is not a substitute for appeal"); *State v. Conn*, 12th Dist. Warren No. CA2014–10–132, 2015–Ohio–2468, ¶ 14 ("[t]rial courts lack authority to reconsider their own valid final judgments in criminal cases"). Casey's remedy was a direct appeal of the denial of his motion for a new trial. Instead of

---

3. As an aside, we note that Casey's complaint that he should have been permitted to reply to the state's response is reasonable. Clinton County Court of Common Pleas Loc.R. 5(A) provides that "[t]he moving party may file a reply brief by the twenty-first (21st) day following the day on which such motion was filed." However, we recognize that "[l]ocal rules are of a court's own making—not substantive principles of law—and there is generally no error if a court exercises its discretion to deviate from its rules in a particular case." *J.P. v. M.H.*, 9th Dist. Lorain No. 18CA011450, 2020-Ohio-13, ¶ 10. Nonetheless, the point is ultimately moot, as further explained.

availing himself of that remedy, Casey pursued an improper collateral attack on the judgment via Civ.R. 60(B). Casey's sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.